## C. W. FAIN v. C. C. CARTWRIGHT.

182 So. 302.

Opinion Filed June 17, 1938.

856

*M. G. Rowe,* for Plaintiff in Error;
*Ray Selden,* for Defendant in Error.

BUFORD, J.—C. C. Cartwright, Plaintiff in the court below, filed his declaration, containing three counts, in the Circuit Court of Volusia County. The first count of the declaration alleged in substance that on the 2nd day of February, 1934, Plaintiff·was riding in, and operating his automobile truck with due caution upon a certain highway in Volusia County known as the DeLand-Daytona road and at a point about one-fourth of a mile west of the canal going across said highway and road, when *Defendant, acting by and through his servant, agent and employee,* to-wit: one Lansen, carelessly and negligently operated and propelled a certain automobile, to-wit: a Dodge Sedan, owned by the Defendant, which this said agent, servant and employee

was driving, with great force and violence against Plaintiff's automobile and as a proximate result of Defendant's carelessness and negligence of the Plaintiff's automobile was greatly damaged and rendered of no value whatsoever and Plaintiff's automobile was reasonably worth $600.00 prior to the accident and that Plaintiff was deprived thereof, and further as a proximate result of Defendant's carelessness and negligence Plaintiff suffered numerous body injuries, bruises, cuts and lacerations and was injured and suffered intense pain in the mind and body and has been laid up and prevented from performing his usual occupation at which he was earning thirty-five dollars per week, for a period of two weeks.

The second count was not materially different from the first except that it alleged that the driver of Defendant's automobile *"was in possession of a certain automobile owned by the Defendant, and had it in his possession with the knowledge and consent of said Defendant."* Under this count the Plaintiff did not allege total loss of the truck, but alleged that "Plaintiff was put to great expense in repairing his said automobile." Damages were also claimed for pain and suffering, and loss of two weeks' earnings at thirty-five dollars per week.

The third count is substantially the same as the second except it alleges that the driver of Defendant's car was "in possession of a certain automobile which had heretofore been *entrusted* to him by the owner of the same" (Defendant). One thousand dollars damage was claimed in each count of the declaration. Bill of Particulars filed with the Declaration was amended upon motion of Defendant.

Defendant filed demurrer to the Declaration, and sixteen pleas including a plea of general issue and contributory negligence. Plaintiff filed a demurrer and motion to strike all pleas except the plea of general issue. The trial Judge

struck pleas 3, 4, 5, 7, 8, 12, 14, 16 and 17 and overruled the demurrer. Plaintiff filed a joinder of issue and replication to the remaining pleas, and the case was set for trial. Defendant's motion for a continuance on the ground that a material witness, Emma Walker, was absent from the county, was denied by the trial judge. Defendant thereupon made the following motion *"ore tenus"*:

"The Defendant, by his counsel, moves the court to require the Plaintiff to elect whether he is going to stand on his first count of the declaration or the other two counts, because of the fact that he alleges in the first count the total destruction of the truck, while in the other two counts of the declaration he alleges damages, damages to the truck and expense of repairing same to put it back in service."

The trial Judge overruled the motion and the jury was called and sworn.

At the end of the testimony introduced by the Plaintiff, Defendant moved the court for a directed verdict on the first count of the declaration, primarily on the ground that plaintiff had offered no evidence bearing on the *total* destruction of the automobile. The motion was denied with the following comment: "The Court will exclude from consideration by the jury under the first count of the declaration, any damages arising out of the total loss of the truck or the partial loss thereof." Thereupon Defendant moved for a directed verdict as to all counts of the declaration on the ground that "Plaintiff had not maintained the burden cast upon him of establishing the cause of action set forth in his declaration, or any count thereof, by a preponderance of the evidence before the jury." Motion was denied and the Defendant introduced testimony in his behalf. At the termination of the introduction of all the evidence, the jury was charged and after deliberation returned a verdict for the Plaintiff and assessed his damages

in the amount of $300.00. Judgment was entered on the verdict, and motion for new trial was denied.

The first eight assignments of error are predicated on the trial Judge's ruling on the motion to strike certain pleas of the Defendant. Plaintiff in error abandoned all except two of these assignments and in his brief only argues that the Court erred in striking pleas four and five, which are:

"And, for a fourth plea the Defendant denies that the Plaintiff suffered physical injury as the proximate result of negligence in the operation of *his* automobile upon said highway.

"And, for a fifth plea, the Defendant denies that the Plaintiff, at the time of said accident, was operating his said truck with due care and caution."

The first and second pleas of the Defendant were pleas of general issue (not guilty) and pleas of contributory negligence, respectively. It appears that the pronoun, "his," in the fourth plea is indefinite as it may equally apply to the Defendant or the Plaintiff. Under the established rule of this Court, that pleadings are construed most strongly against the pleader, this plea would not be a good defense against the case made out by the declaration. Furthermore, it appears that these defenses could either be raised under the plea of general issue, or under the plea of contributory negligence. As to the scope of the plea of "not guilty" see Crandall's Florida Common Law Practice, Sec. 116; Common Law Rules, Rules 32 and 33 (substantially same as old common law rules 71 and 72); 11 Ency. Digest of Fla. Reports, title Pleading, Sec. 59; 13 Ency. Digest of Fla. Reports, titles Torts, 111 B.; Carson's Florida Common Law Pleading P. 1141; Arnow's Florida Practice Rules, annotated, pages 33 to 37; and cases cited.

As the defenses embodied in these two pleas could have been raised under the other pleas it was proper to strike

them. See Florida Common Law Rule 41 (old common law rule 59). In the case of Tripp v. Wade, 82 Fla. 325, 89 So. 870, it was held:

"That a special plea tendering an issue covered by a plea of the general issue in a case in which such latter plea is applicable may be stricken is well settled in this jurisdiction. It may be done upon motion of Plaintiff or by the Court of its own motion." (Numerous cases cited.)

This Court further held in the above cited case:

"But even though there may be technical error in an order striking a pleading, it will not be held to be sufficient to require a reversal of the judgment if it affirmatively appears that the party whose pleading was stricken was not harmed thereby and was not prevented from submitting his case to the jury under such a state of pleadings as to give him all the benefits he would have had if such pleading had not been stricken upon the ground that the error was not harmful." (Cases cited.)

The lower court did not commit error in the striking of these two pleas and had it done so, it does not appear that the error would have been harmful, as the court apparently struck these two pleas because they were covered by the other pleas (as is acknowledged by Plaintiff in error in his reply brief, Page 3) and under this view the Defendant could have introduced evidence and proved these defenses. S. A. L. Ry. Co. v. Watson, 94 Fla. 203, 113 So. 716; Gainesville & G. R. Co. v. Peck, 55 Fla. 402, 46 So. 1019.

An application for a continuance is addressed to the sound discretion of the trial court and its action thereon will not be disturbed by an Appellate Court unless a clear abuse of this discretion is made to appear. Baldwin v. Lafayette Land Co., 62 Fla. 129, 56 So. 943; Livingston v. Cooper, 22 Fla. 292; Bolles v. Carson, 73 Fla. 504, 74 So. 509; Hall

v. S. D. L. Co., 89 Fla. 312, 103 So. 828. The Plaintiff in error has assigned as error the refusal of a continuance by the trial Judge, the sole ground for the motion being the absence of a material witness. The motion and exhibits appended thereto fail to show exactly what testimony is to be given by the witness and it also appears from the affidavit and letters that it is not at all certain that the witness will ever be located. We cannot say that a palpable abuse of judicial discretion is clearly and affirmatively shown by the record as is required for reversal on this ground, but on the contrary it appears that the trial Judge's ruling upon the motion was entirely correct. See Peacock & Hargraves v. Feaster, 51 Fla. 269, 40 So. 74, also Wilson v. Johnson, 51 Fla. 370, 41 So. 395; S. A. L. Ry. v. Scarborough, 52 Fla. 425, 42 So. 706.

Plaintiff in error further contends that the trial court erred in denying his motion to compel Plaintiff below to elect whether he would rely on the first count of his declaration or the other two counts, because of the fact he alleged in the first count total destruction of the truck and in the other two counts alleges damages to the truck and cost of repairing the same. We cannot agree with Plaintiff in error's contention. The alleged relationship existing between the driver of the automobile and the Defendant was different in each count, i. e., servant, agent and employee; knowledge and consent; entrustment. These relationships are certainly not inconsistent with each other and no reason appears for requiring Plaintiff below to elect upon which count he would rely merely because one of the items of special damage alleged in the first count is inconsistent with an item of damage alleged in the other two counts.

It is further contended that the lower court erred in not granting directed verdict on the first count of declaration,

at the close of the testimony presented by the Plaintiff. The grounds for this motion were in substance that no testimony has been introduced to show the total destruction of the automobile; the only element of damage proven was cost of repairing automobile, which item was covered by both the other counts; and that the testimony offered as to the value of loss of Plaintiff's time was uncertain and indefinite. The lower court in denying the motion stated that any damages arising from the total or partial destruction of the truck would be excluded from consideration by the jury under the first count.

It is provided by statute, C. G. L. 1927, Sec. 4363, that if after all the evidence is submitted on behalf of the Plaintiff, it is apparent to the trial court that no evidence has been submitted upon which the jury could lawfully find a verdict for the Plaintiff, the Judge shall, upon motion of the Defendant, direct the jury to find a verdict for the Defendant.

The fact that an item of special damages is not proved will not prevent a recovery of nominal damages or other special damages that are established by competent testimony. Plaintiff's testimony was to the effect that he suffered injuries and was prevented from working for two weeks. He testified that he made approximately seventy-five dollars a week. As the declaration shows that he claimed only thirty-five dollars a week as damages for loss of time, he cannot recover more than the amount claimed in the declaration, but the fact that he testified that he made more than he claimed certainly will not prevent Plaintiff from recovering this lesser amount. The motion was properly denied.

Plaintiff in error also assigned as error the refusal of the trial court to grant a motion for directed verdict on all counts, on the ground that Plaintiff had not established the

cause of action set out in the declaration, or any count thereof, "by a preponderance of the evidence."

A verdict should not be directed unless the evidence is such that, under no view which the jury might lawfully take of it favorable to the other party, can a verdict for him be sustained. For the purpose of the motion the moving party admits not only the facts proven, but every conclusion favorable to the adverse party that a jury might fairly and reasonably infer. (Numerous cases cited Note 57, Parag. 208, Crandall's Florida Common Law Practice.) Applying this rule to the testimony introduced by the Plaintiff there can be no doubt that the lower court correctly ruled on this motion.

Several assignments of error are based on the lower court's ruling on the introduction of certain testimony. We must conclude, after a careful consideration of this testimony, that the lower court was correct in its rulings.

Numerous assignments of error are predicated on the giving of certain instructions to the jury and on the refusal to give others requested by the Defendant. The instructions that were given and those refused are so numerous that we can see no useful purpose to be served by discussing them in this opinion, but it is sufficient to say that a careful consideration of entire charge given convinces us that the charges given conform substantially to the law and evidence, and the charges refused are, in the main, covered by other charges given, and the verdict and entire record indicate that error, if any, in giving or refusing charges were harmless.

Where the charges given accord with the evidence and the law applicable thereto, and there is ample evidence to sustain the verdict, technical errors, if any, in giving or requiring instructions to the jury will not cause a reversal of the judgment, no material errors appearing. Leake v.

Watkins, 73 Fla. 596, 74 So. 652. See McDaniel v. State, 103 Fla. 529, 137 So. 702; Graham v. Gill, 56 Fla. 316, 47 So. 917; McGee Lbr. Co. v. Tomlinson, 66 Fla. 536, 63 So. 919; Murden v. Miami Poultry, etc., Co., 113 Fla. 870, 152 So. 714.

No reversible error has been made to appear by the record or briefs; the verdict is a proper one and there is sufficient evidence to uphold it; the jury was properly instructed in the law applicable to the issues and the judgment entered upon the verdict is without error. Accordingly the trial court rightly denied the motion for new trial.

Affirmed.

WHITFIELD, TERRELL, BROWN and CHAPMAN, J. J., concur.