## W. H. FORD v. LULA BRAWLEY FORD

8 So. (2nd) 495                                    Division A
June 12, 1942              Rehearing Denied June 24, 1942

H. O. Brown, and J. A. Scarlett, for appellant.
Ray Seldon, for appellee.

PER CURIAM:

This is an appeal by writ of error from a final judgment for the defendant in a replevin action, after the cause had been dismissed because of plaintiff's failure to prosecute.

The cause had been set down for trial on January 15, 1942, when, January 14, 1942, plaintiff's counsel sent the following telegram to the clerk of the circuit court:

"Re Ford vs Ford Advise Judge Fredric and Selden Sister Very Low and Please Continue Case for Them
                                    H. O. Brown"

That same day counsel received the following telegram in reply:

"Retel Ford Versus Ford Your Telegram Received Judge Frederick Out of Circuit Today Consequently Cannot Advise You As to His Attitude in Matter Selden States Ready for Trial But If Court Agreeable Willing to Have Case Passed Temporarily

I. Walter Hawkins, Clerk"

The case come up for trial the following day, January 15, when, among other things the court said to counsel for defendant, who was the only counsel present:

"Unless you consent, Mr. Selden, to a postponement of this case, to which I have no objections, I will be obliged to proceed as you wish.

By Mr. Selden—"I cannot consent, if the court please, and I ask that this case be dismissed for lack of prosecution."

The case was dismissed on that day; final judgment for defendant entered January 21, 1942, January 22, a Motion to Vacate Order Dismissing Cause was filed and was denied February 11, 1942. This appeal was taken.

The Motion to Vacate Order Dismissing Cause set forth completely the facts recited above. The sister of counsel for plaintiff who was seriously ill January 14, died January 17. Counsel was with her, some distance from DeLand, when he sent the clerk the telegram on the 14th, and when she died.

Rule 58 of the Common Law Rules requires applications for continuance to be by written motion. This was not done here. As stated by the court below, counsel not only failed to comply with the rules, but

he did not follow the more courteous practice of communicating with opposing counsel in an effort to have the cause continued. But the circumstances set forth in the record—the telegraphic exchange between the clerk and counsel quoted, and the court's subsequent statement that it had no objections to granting a continuance if opposing counsel were willing, the clerk having stated that he was willing—makes strict application of the rule seem unduly harsh and oppressive. No trial on the merits has been had in this cause. Counsel for plaintiff filed his motion to vacate the dismsisal the day after final judgment was entered against him, and therein set forth the full facts. It appears from the record that he acted, although erroneously, in the utmost good faith throughout, under the circumstances of serious illness and death of a dear one. It is also apparent that the telegram from the clerk, while not binding on anyone, was sufficient for good faith reliance that a continuance would be granted, the court willing.

Although there is no question that an application for continuance is addressed to the trial court's sound discretion (Fain v. Cartwright, 132 Fla. 855, 182 So. 302) and that rules are not to be ignored to rectify counsels' mistakes, if justice to all parties is not therby denied, in special circumstances, special concessions should be made. It does not appear here that any injury or even great inconvenience would have been caused defendant by a continuance of the cause. Trial had been pending for about three years.

In Courtney v. Central Trust Co., 112 Fla. 298, 150 So. 276, it is said:

"While much must be left to the discretion of a trial judge in a matter like this, and this court is

always most reluctant and hesitant in reversing judgments rendered after continuances have been applied for and denied, yet we have not hesitated to consistently declare that, when a trial judge perceives that in consequence of inadvertence of counsel, or other cause, the rigid enforcement of rules of procedure would defeat the great object for which they were established, it is his duty to so relax them (when it can be done without injustice to any) as to make them subserve their true purpose which is to promote the true administration of justice. See Barber v. State, 5 Fla. 199, text 204."

The Motion to Vacate Order Dismissing Cause should have been granted and the order dismissing the cause vacated.

Reversed.

BROWN, C. J., WHITFIELD, BUFORD and ADAMS, JJ., concur.