201 So.2d 242 (1967)
CAROL CITY UTILITIES, INC., a Florida Corporation, Appellant,
v.
GAINES CONSTRUCTION CO., a Florida Corporation, Appellee.
No. 66-361.
District Court of Appeal of Florida. Third District.
July 18, 1967.
*243 Walton, Lantaff, Schroeder, Carson & Wahl and Richard A. Pettigrew, Miami, for appellant.
L.J. Cushman, Miami, for appellee.
Before CHARLES CARROLL, C.J., and BARKDULL and SWANN, JJ.
PER CURIAM.
This cause has heretofore been before the appellate courts of this State. See: State ex rel. Gaines Const. Co. v. Pearson, Fla. 1963, 154 So.2d 833, 7 A.L.R.3d 601; Gaines Construction Co. v. Carol City Utilities, Inc., Fla.App. 1964, 164 So.2d 270.
Following the opinion and mandate in the latter cause, the trial judge appointed an arbitrator to determine the matters in dispute between the parties to the litigation. Thereafter, the arbitrator entered his arbitration award, determined that the appellee *244 was entitled to certain monies of and from the appellant, and that his fees as arbitrator should be divided equally between the parties together with certain of the costs. Upon the filing of the award, the appellee filed a motion to confirm the award, the arbitrator filed a petition for fees upon which an order was entered fixing the fee of the arbitrator, and thereafter the appellant filed a motion to vacate the award pursuant to the provisions of § 57.22, Fla. Stat., F.S.A.
The matter came on for hearing on the motion to vacate and the motion to confirm. Following hearing, the court denied the motion to vacate and confirmed the award, and an appropriate judgment was duly entered pursuant to § 57.25, Fla. Stat., F.S.A. This appeal ensued.
The appellant has preserved four points for review. First, that the arbitrator was obviously affected in his award by unreasonable and prejudiced conduct by witnesses for the appellee. Second, that the trial court erred in failing to continue the hearing on the motion to vacate upon the ore tenus motion of counsel for the appellant. Third, that the arbitrator considered claims outside the scope of the submission of the arbitration to him. Fourth, that the court erred in determining, on the bare petition of the arbitrator, the amount of his fee.
As to the first point: No prejudice or bias in the entry of the award has been made to appear by the motion to vacate. The proceedings had before the arbitrator are not generally to be examined by a trial court or an appellate court in determining how the arbitrator arrived at his award. See: Ogden v. Baile, 73 Fla. 1103, 75 So. 794; Merritt-Chapman & Scott Corp. v. State Road Department, Fla. 1957, 98 So.2d 85. See also: Griffith Company v. San Diego College for Women, 45 Cal.2d 501, 289 P.2d 476, 47 A.L.R.2d 1349. And, these proceedings are not normally part of the award record. See: Ogden v. Baile, supra. It is incumbent upon the party pursuing the motion to vacate to demonstrate bias or prejudice on the part of the arbitrator, and if that burden is not sustained the award will be affirmed. See: 5 Am.Jur.2d, Arbitration and Award, § 186. A review of the record herein reveals the appellant has failed to sustain its burden of proof.
As to the second point: In support of the motion to vacate the award, the appellant tendered an affidavit by a principal of its corporation which contained hearsay statements. At the time of the hearing, counsel for the appellee pointed out that these allegations in the affidavit were insufficient to support the motion. Apparently, the trial court agreed with this contention and thereupon counsel sought to continue the matter to secure live testimony of the persons named in the affidavit. The trial court denied this ore tenus motion, and we fail to find that he abused his discretion in this regard. See: Hall v. Florida State Drainage Land Co., 89 Fla. 312, 103 So. 828; McWhorter v. McWhorter, Fla.App. 1960, 122 So.2d 504; State v. Florida State Turnpike Authority, Fla. 1961, 134 So.2d 12. As a general proposition, the matter of granting continuances are controlled by the statutes and rules applicable, to wit: § 916.02(2), Fla. Stat., F.S.A.; Rules 1.6(b), Florida Rules of Civil Procedure (1965 Rev.), 30 F.S.A., and are addressed to the sound judicial discretion of the trial court. See: Hall v. Florida State Drainage Land Co., supra; Fain v. Cartwright, 132 Fla. 855, 182 So. 302; Ford v. Ford, 150 Fla. 717, 8 So.2d 495. It is apparent, under the reading of § 57.22(1) (a), Fla. Stat., F.S.A., that some real evidence would have to be presented to a court to establish that the award was "procured by corruption, fraud, or other undue means;". This being the criteria in the statute for authorizing a court to vacate an award, it should have been apparent to counsel for the appellant that it would be necessary for him to produce [in support of the motion] evidence which would be admissible in a court of law. Even if affidavits were permitted, certainly only those affidavits that contained matters which *245 would be admissible in a judicial proceeding would be acceptable. See: Humphrys v. Jarrell, Fla.App. 1958, 104 So.2d 404; Tarkoff v. Schmunk, Fla.App. 1959, 117 So.2d 442; Nix v. State, Fla.App. 1965, 173 So.2d 465; § 837.01, Fla. Stat., F.S.A.
As to the third point: The order which appointed the arbitrator in this cause directed him "to conduct said arbitration with all convenient speed and make his report to this Court." There was no limit on the scope of the arbitration submitted to him. The very agreement which provided for the arbitration provided for the settlement of all accounts and disputes between the principals involved with the corporations to this matter and their respective corporate interests. The fact that there may have been prior arbitration proceedings involving part of the arbitration agreement and determinations thereon did not prevent the arbitrator from considering the entire arbitration agreement, particularly in light of the failure of the trial court to limit the submission to him.
As to the fourth point: The amount of fees awarded the arbitrator. We fail to reach a consideration of this point because the appellant [although serving a copy of his notice of appeal on the arbitrator] as it appears from the record, did not serve a copy of the assignments of error, nor the directions to the clerk, nor either of its briefs on the arbitrator [who was a party who could be directly affected by the decision of this court]. Therefore, the matter is not properly before us. The supreme court has heretofore held that when an attorney in a domestic relations case is awarded a fee and a party thereto desires to contest the correctness of this attorney's fees, the attorney is entitled to be served with appeal papers and briefs as a party-appellee. See: Diem v. Diem, 136 Fla. 824, 187 So. 569. And, upon failure to do so, the appeal would be subject to being dismissed. This is likened to the instant matter, where the arbitrator is awarded a fee directly pursuant to § 57.20, Fla. Stat., F.S.A., the same as counsel in a divorce proceeding may have fees directly awarded to him pursuant to § 65.17, Fla. Stat., F.S.A.
Therefore, for the reasons above stated, we fail to find error in the chancellor's order confirming the award and denying the motion to vacate, and said actions are hereby affirmed.
Affirmed.