PER CURIAM.
A judgment was rendered against the appellants for recovery of a sum of money equal to a brokerage commission, as a result of a purchase in which the appellants either assumed or made a direct promise to pay the amount of the commission upon a release by the broker to the seller and the execution of an indemnification agreement by the appellants to the seller.
They appeal and urge error in the failure to grant a continuance on the morning of the trial. This is a discretionary matter; no abuse of discretion is demonstrated in this record in refusing to continue the trial after it had been set four months in advance of the trial date. Even though the appellants may have been limited during this period within which time they could have taken depositions, they urge they were delayed in the taking until the eve of the trial. It is apparent that if they had used due diligence they could have completed their discovery some weeks prior to the trial date. Therefore, no error is demonstrated in this regard. Hall v. Florida State Drainage Land Co., 89 Fla. 312, 103 So. 828; Fain v. Cartwright, 132 Fla. 855, 182 So. 302; Ford v. Ford, 150 Fla. 717, 8 So.2d 495; State v. Florida State Turnpike Authority, Fla.1961, 134 *875 So.2d 12; Carol City Utilities, Inc. v. Gaines Construction Co., Fla.App.1967, 201 So.2d 242.
It is also urged that the final judgment is contrary to the evidence and law which was presented to the trial court as the trier of fact. A review of the record discloses substantial, competent evidence to fix the amount of the commission, the direct promise or understanding of both appellants to respond to the broker for the amount and, therefore, no error in the entry of the judgment- is demonstrated. Tucker v. Forty-Five Twenty-Five, Inc., Fla.App.1967, 199 So.2d 522; Lazar v. Orr, Fla.App.1968, 207 So.2d 23; Reserve Insurance Company v. Earle W. Day & Company, Fla.App.1968, 209 So.2d 709. It is supportable either under the theory that there was a direct promise by the appellants upon the release by the broker to the seller, and therefore not within the statute of frauds [see: Craft v. Kendrick, 39 Fla. 90, 21 So. 803; Yates v. St. Johns Beach Development Company, 118 Fla. 788, 160 So. 197; 15 Fla.Jur., Frauds, Statute of, § 4], or that if there was an agreement to assume the debt of another, and therefore required to be in writing, the written release and indemnification agreement executed by the appellants was sufficient to support a recovery on this theory. See: Meek v. Briggs, 80 Fla. 487, 86 So. 271; Alton Beach Realty Co. v. Henderson, 92 Fla. 689, 110 So. 256; 15 Fla.Jur., Frauds, Statute of, § 10.
The other points raised by the appellants relative to rulings on post-trial motions and the taxing of costs have been reviewed and found to be without merit. Spencer v. Florida-Georgia Tractor Company, Fla.App.1959, 114 So.2d 466; Sullivan v. Rank, Fla.App.1961, 132 So.2d 37; Freeman v. Bandlow, Fla.App.1962, 143 So.2d 547; Cosby-Hodges Milling Company v. Sheffield, Fla.App.1966, 183 So.2d 749; Pix Shoes of Miami, Inc. v. Howarth, Fla.App.1967, 201 So.2d 80.
Therefore, for the reasons above stated, the final judgment here under review he and the same is hereby affirmed.
Affirmed.