258 So.2d 37 (1972)
Asuncion DIAZ, Appellant,
v.
Justo Luis DIAZ, Appellee.
No. 71-841.
District Court of Appeal of Florida, Third District.
February 15, 1972.
Carr & Warren, Miami, for appellant.
Howard Hill Bennett, and Samuel B. Pearlman, Miami Beach, for appellee.
Before SWANN, C.J., and PEARSON and BARKDULL, JJ.
BARKDULL, Judge.
The appellant-wife filed an action for divorce in March of 1970 and, upon filing of a verified complaint, secured a temporary injunction enjoining the appellee-husband from disposing of a certain bank account. Subsequently, in January of 1971, the husband filed a counterclaim for divorce to which the wife responded by an answer on January 26, 1971. On February 1, 1971, the matter was set for final hearing by court order and scheduled for April 5, 1971. Thereafter, apparently at the request of counsel for the husband, the final hearing was rescheduled by advancing the matter to April 1st. On March 31st, counsel *38 for the wife became ill. He contacted the judge's office and advised him of such, had his doctor contact counsel for the husband, and dictated a written motion requesting a continuance which was presented to the trial judge at the commencement of the final hearing scheduled for April 1, 1971. The trial court denied the motion for continuance, proceeded to consider the matter without the presence of the wife, her counsel or her witnesses, and entered a final judgment of divorce for the husband on his counterclaim, released the bank account to the husband, and provided certain support for the minor children of the parties who were left in the custody of the wife, and required the husband to make certain payments on the upkeep of the home which, subsequent to the divorce, would be held by the parties as tenants in common. These payments were in the nature of alimony because they were to cease if the plaintiff remarried.
This appeal has been duly prosecuted and the appellant has preserved for review the failure of the trial court to grant the continuance and she seeks in this court reversal of so much of the final judgment as determined the financial matters between the parties.
We recognize that it is discretionary with a trial judge as to whether or not he will grant a continuance and ordinarily his discretion in this regard will not be interfered with by an appellate court. In determining whether the trial court abused his discretion in this matter, we have reviewed the opinion of the Supreme Court of Florida in Ford v. Ford, 150 Fla. 717, 8 So.2d 495, wherein the following is found:
* * * * * *
"Although there is no question that an application for continuance is addressed to the trial court's sound discretion (Fain v. Cartwright, 132 Fla. 855, 182 So. 302) and that rules are not to be ignored to rectify counsels' mistakes, if justice to all parties is not thereby denied, in special circumstances, special concessions should be made. It does not appear here that any injury or even great inconvenience would have been caused defendant by a continuance of the cause. Trial had been pending for about three years."
* * * * * *
and, likewise, that court's opinion in Western Union Telegraph Co. v. Suit, 153 Fla. 490, 15 So.2d 33, wherein it stated:
* * * * * *
"* * * This Court, although recognizing in its opinion the general rule that a motion for continuance or postponement is addressed to the sound judicial discretion of the trial judge, whose ruling will not be readily disturbed, reversed the judgment for the reasons above indicated. The exercise of judicial discretion is subject to review, for the best and ablest of trial judges some times fall into error; and appellate courts too, for that matter, as shown by their action on petitions for rehearing, when they not infrequently correct errors committed in their opinions and decisions on the original hearing. Here we have a case where the defendant was deprived of representation by its counsel at the trial and a verdict of $1,250 was rendered, without the defendant having had the opportunity to present one word of rebuttal testimony or any evidence whatever in support of its plea to the merits, all due, as we see it, to the illness of its attorney, for which the defendant of course was not responsible and of which it was ignorant. Therefore the action of the trial court, affirmed by the Circuit Court, verged upon, if indeed it did not directly amount to, a denial of due process  a constitutional guarantee, not only of notice, but of an opportunity to be heard before final judgment is rendered."
* * * * * *
From these decisions and the record presented to us, it is apparent the *39 trial court should not have proceeded to a final hearing under the circumstances of this case, in light of the sudden illness of counsel for the plaintiff [the bona fides of this illness are not disputed in this record], the absence of the plaintiff and her witnesses when, among other things, his ultimate determination in the matter fixed the rights and responsibilities of the parties relative to alimony and support payments. Frohock v. Frohock, 117 Fla. 603, 158 So. 106; Kennard v. Kennard, 131 Fla. 473, 179 So. 660; James v. James, Fla. 1956, 84 So.2d 914; Howard v. Howard, Fla.App. 1960, 118 So.2d 90; Schiff v. Schiff, Fla. App. 1960, 123 So.2d 295. The failure of the trial judge to grant the continuance prevented the plaintiff from having an opportunity to present her evidence on a vital portion of the litigation, to wit: the amount that the defendant would have to pay as alimony and support and, as indicated by the above cited authorities, any future attempt to modify the award as made would be limited to a change in circumstances from the time of entry of the final judgment.
Finally, it is noted that the only time the case had been set for final hearing was by the original order of February 1, 1971 scheduling the matter for April 5, 1971. The matter was then rescheduled by re-notice given by the counsel for the defendant. It would seem that under all the circumstances, the trial court having rescheduled the matter once for the convenience of the defendant he could have rescheduled the matter upon the illness of counsel for the plaintiff once for her benefit.
Wherefore, for the reasons above stated, the final judgment here under review be and the same is hereby reversed insofar as it determined matters relating to alimony and support, and the matter is returned to the trial court to have a new final hearing as to these issues upon adequate notice to the respective parties.
Reversed and remanded, with directions.