335 So.2d 597 (1976)
Annette Meador EDWARDS, Appellant,
v.
Dora Hughes PRATT and Robert A. Claiborne, Admr. C.T.A., Appellees.
No. 75-847.
District Court of Appeal of Florida, Third District.
May 18, 1976.
Rehearing Denied August 10, 1976.
Edward C. Vining, Jr., Miami, for appellant.
Starr W. Horton, Miami, for appellees.
Before PEARSON, HAVERFIELD and NATHAN, JJ.
PER CURIAM.
Appellant-petitioner seeks review of an order denying her petition for revocation of probate of will in that she was deprived of a fair hearing upon the denial of her second motion for continuance.
H. Harris Meador, deceased, executed a will on July 29, 1974 leaving all his real and personal property to his fiancee, Dora Pratt. On August 21 Mr. Meador died and the will was admitted to probate. On December 26 a petition to revoke was filed on behalf of appellant, Annette Edwards, Mr. Meador's sole heir-at-law, on the ground that through the exercise of undue influence, Dora Pratt procured the execution of the July 29 will by Meador who lacked testamentary capacity at the time. Appellant, a resident of North Carolina, *598 employed a North Carolina attorney, Mr. Griffin, to represent her. He, in turn, retained a local firm to file the petition. Dissatisfied with its slow progress, in March 1975 Griffin discharged that firm and hired present counsel. On March 25 appellant moved for a continuance of the final hearing set for April 1. The continuance was granted and the hearing rescheduled for April 24. On April 17 appellant again filed a motion for continuance which was denied. After final hearing the judge entered the order denying the petition for revocation.
Appellant primarily contends the judge committed reversible error in denying her a second continuance since she changed local counsel and as a result her present attorney did not have enough time to adequately prepare for the final hearing.
The granting or denying of a motion for continuance is within the discretion of the trial judge and a gross or flagrant abuse of this discretion must be demonstrated by the complaining party before this court will substitute its judgment for that of the trial judge. S & S Pharmaceuticals, Inc. v. Hirschfield, Fla.App. 1969, 226 So.2d 874; Williams v. Gunn, Fla.App. 1973, 279 So.2d 69. Further, requests for a second continuance are seldom favored. McWhorter v. McWhorter, Fla.App. 1960, 122 So.2d 504.
In view of the facts that (1) appellant, after new local counsel was retained, was granted a continuance rescheduling the final hearing from April 1 to April 24; (2) appellant's North Carolina attorney remained on the case throughout the entire proceedings so there was a continuity of representation for the appellant, we find no abuse of discretion in the denial of the second motion for continuance.
Affirmed.