McCORD, Chief Judge.
Appellant, Hydia Troupe, appeals the trial court’s summary judgment in favor of appellee Memorial Hospital of Jacksonville and the trial court’s order of dismissal with prejudice of appellant’s complaint as to the other appellees/defendants. The two appeals have been consolidated for review by this Court. We reverse as to both.
Appellant began this suit for damages alleging negligence on the part of appellees, John Evans, M.D., Charles Cooksey, M.D., and Memorial Hospital of Jacksonville. Appellant also alleged liability of the hospital under the doctrine of res ipsa loquitur. Pri- or to trial, the trial court granted Memorial Hospital’s motion for summary judgment.
The facts show that appellant entered the hospital to undergo surgery on her hand, and while there, she had additional surgery on a perianal fistula. She testified in her deposition that she did not have any back problems prior to her fistula surgery. Before her operation, Dr. Evans, the anesthesiologist, administered a spinal anesthesia. Appellant declared that at the time she experienced excruciating pain and thereafter suffered partial paralysis (which has since disappeared) and intense pains in her legs, with the pain still existing in one leg such that she cannot walk on it and cannot work. The surgeon, Dr. Cooksey, and hospital personnel were in the operating room, along with Dr. Evans at the time.
On the day of trial, appellant’s attorney requested a continuance, stating that appellant’s only expert witness was unavailable for trial. The attorney represented to the court that the expert witness, one Dr. Green from New Jersey, had been notified of the trial date a month in advance and the day before trial, appellant’s attorney called Dr. Green to assure that he would be present at trial. However, at that time, Dr. Green told the attorney that his secretary had erroneously diaried the trial for the following week and that he could not attend the trial the next day because he had appointments scheduled which could not be cancelled. Appellant’s attorney informed the trial court that the expert witness was essential to appellant’s case and that he had done everything possible to assure the expert’s presence. The trial court denied the continuance and ordered the parties to proceed to trial. Appellant maintained that she could not proceed without her expert witness. Therefore, the trial court entered an order of dismissal pursuant to Fla.R. Civ.P. 1.420(b).
On appeal, appellant argues that the trial court erred in granting summary judgment for the hospital since there was a factual question concerning the negligence of the hospital’s employees in light of the applicability of the doctrine of res ipsa lo-quitur. In her complaint, appellant had alleged that her spinal disk was ruptured while she was in the exclusive control of the hospital’s employees. She asserts that the doctrine of res ipsa loquitur applies where (1) the plaintiff is in the defendant’s exclusive control, and (2) the injury would not have occurred in the absence of negligence, citing Goodyear Tire & Rubber Co. v. Hughes Supply, Inc., 358 So.2d 1339 (Fla.1978). Appellant submits that a reasonable person could conclude that a patient would not suffer a herniated disk while in an operating room for treatment unrelated to the injury in the absence of negligence.
In West Coast Hospital Ass’n. v. Webb, 52 So.2d 803 (Fla.1951), an unconscious patient suffered numerous burns while in the hospital. The court there held that when a patient is in the exclusive control of a hospital and receives injuries unrelated to his *141 treatment which do not normally occur in the absence of negligence, the doctrine of res ipsa loquitur is applicable, and the issue of the hospital’s negligence should be submitted to the jury. The hospital argues that the doctrine of res ipsa loquitur does not apply here because appellant was under the control of the anesthesiologist and operating surgeon also at the time of her injury and, therefore, she was not in the exclusive control of the hospital when her injury occurred.
In Davis v. Sobik’s Sandwich Shops, Inc., 351 So.2d 17 (Fla.1977), the court found that under the circumstances of that case, at least one of the three defendants sued by plaintiff must be liable for plaintiff’s injuries. The court held there that the trial court properly directed a verdict on the issue of liability against all the defendants and properly instructed the jury to assess the plaintiff’s damages and determine which defendant or defendants were negligent. The facts sub judice present a comparable situation. If appellant can prove at trial that her injuries did occur in the operating room, then someone in the operating room was negligent. A jury must determine when the negligence occurred. If it occurred when the hospital was in control, then res ipsa loquitur applies. Thus, summary judgment for the hospital was improper in this case.
Appellant, by her second point on appeal asserts that the trial court erred in denying appellant’s motion for continuance and in dismissing appellant’s complaint when, through no fault of appellant, she was unable to begin trial because her only expert witness could not attend. We agree. Although a trial court has the authority, under Fla.R.Civ.P. 1.420(b), to dismiss a case for failure to comply with orders of the court, courts of Florida have recognized that such a sanction should be limited to willful disregard of court orders. See Goldring v. Escapa, 338 So.2d 871 (Fla. 3 DCA 1976), in which the court ruled that the trial judge abused his discretion in refusing to allow an expert witness to testify because of failure of the party submitting the witness to comply with a court order when the record did not reveal that failure to comply was deliberate. In Kuhlman v. Travelers Indem. Co., 344 So.2d 941 (Fla. 3 DCA 1977), counsel failed to appear at the scheduled time for trial, and the trial court dismissed the action. The Third District Court reversed, finding that a misunderstanding of counsel, rather than neglect on his part, caused the dismissal of the case, and the trial court abused its discretion in failing to reinstate the cause. In the instant case, appellant’s inability to comply with the court’s order to proceed with trial was apparently beyond her control and did not amount to willful or deliberate disobedience to the court’s order. Therefore, we conclude that the trial court erred in dismissing appellant’s complaint pursuant to. Fla.R.Civ.P. 1.420(b).
On the basis of the foregoing, this cause is reversed and remanded for proceedings not inconsistent herewith.
Petition for rehearing, if filed, shall be filed within 10 days from the date hereof.
BOYER and MILLS, JJ., concur.