388 So.2d 321 (1980)
James BARCLAY and Avis Rent a Car System, Inc., Etc., Appellants,
v.
Tranquilino RIVERO and Laura Rivero, His Wife, Appellees.
No. 79-1184.
District Court of Appeal of Florida, Third District.
September 23, 1980.
Richard M. Gale, Robert L. Dube, Miami, for appellants.
Kaplan, Sicking, Hessen, Sugarman, Rosenthal & DeCastro and Abraham L. Bassie and Joel Lummer, Miami, for appellees.
Before HUBBART, NESBITT and DANIEL S. PEARSON, JJ.
DANIEL S. PEARSON, Judge.
Barclay and Avis, defendants in the trial court, appeal an adverse final judgment entered upon a jury verdict in a personal injury action. They contend that the trial court grossly abused its discretion and denied them due process by failing to grant a continuance, requested immediately before the commencement of the trial, and an in-trial delay, both requests being occasioned by the inability of the appellants to procure the attendance at trial of a subpoenaed witness allegedly favorable to them.
It is fundamental that a litigant is entitled to his day in court. It is equally fundamental that a trial court must be given broad discretion in the setting and control of cases before it. Duran v. Neff, 366 So.2d 169 (Fla. 3d DCA 1979). Thus, while a litigant is entitled to his day in court, it does not follow that the day is to be selected by the litigant, his attorney, or his witness.
The trial in the present case occurred two years after complaint was brought. Notice that the cause was set for trial during the two-week period commencing April 16, 1979, was furnished to the parties three and one-half months beforehand. On April 16, both parties announced they were ready for trial and were informed by the court that it would commence the following morning, April 17, at 9:00 a.m. Moments before the trial began, counsel for appellants orally moved for a continuance[1] on the ground that a witness he intended to call, Dr. Gregory, was scheduled to perform surgery and would not be available until the following *322 day, April 18, at 1:30 p.m.[2] The trial court denied the continuance, but declared a brief recess to allow appellants' counsel to determine if Dr. Gregory would be available sooner.
Appellants' counsel apparently reported to the court that Dr. Gregory could appear around 12:30 p.m. on April 17. Gregory did not appear. After the lunch recess, counsel reported that Gregory was called to emergency surgery to begin at 1:00 or 1:30 p.m. and could not come until 3:30 or 4:00 p.m.[3] The court suggested that counsel obtain a firm commitment from the doctor, adding that it would not hold up the trial of the case, now nearly concluded, for two hours "on a maybe."[4] A firm commitment was not forthcoming.
The testimony in the trial concluded around 3:00 p.m. Before resting their case, appellants made one further request for continuance.[5] The jury was sent to deliberate at 3:54 p.m. Gregory had not appeared. The verdict was returned at 4:55 p.m. Gregory had still not appeared.[6] We find no abuse of discretion on the part of the trial court and no denial of appellants' due process rights.[7]
Affirmed.
NOTES
[1] Florida Rule of Civil Procedure 1.460(b) requires this motion to be in writing. The trial court did not base its ruling on this deficiency, nor do we.
[2] Appellants cannot contend that Gregory's non-appearance on April 17 was a surprise. A letter from Gregory to their counsel states that at counsel's request Gregory "set aside time to appear at a court hearing on April 16, 1979." Compare Troupe v. Evans, 366 So.2d 139 (Fla. 1st DCA 1979) (where the plaintiff's expert witness had erroneously diaried the trial date).
[3] At the outset of the trial, counsel stated that Gregory was scheduled for surgery at 1:30 p.m. that day. That statement belies his later representation that Gregory was called to emergency surgery at that time.
[4] The trial court also suggested that appellants should have taken Dr. Gregory's deposition. The Riveros contend that the failure to take a deposition should be a factor here. We do not agree. Implicit in every case dealing with continuances to procure the live testimony of a witness is that a party cannot, if otherwise entitled to a continuance, be deprived of live testimony on the basis that he chose not to depose the witness.
[5] The appellants at no time requested the court's assistance to procure the attendance of Dr. Gregory, a witness under subpoena.
[6] Compare LoBue v. Travelers Insurance Company, 388 So.2d 1349 (4th DCA 1980). There the court held it error to preclude the plaintiff from calling an expert witness who was in court and prepared to testify before the plaintiff had rested her case.
[7] In arriving at its decision, the trial court did not take into account the substance of Dr. Gregory's expected testimony, since no proffer was made until the filing of a motion for new trial. If a party wants the critical nature of the excluded testimony to be a factor in measuring whether the trial court abused its discretion, then it is incumbent upon the party to make an in-trial proffer. See LoBue v. Travelers Insurance Company, supra. The only function which the post-trial proffer can serve is to demonstrate that appellants were harmed by the trial court's ruling, see Diaz v. Rodriguez, 384 So.2d 906 (Fla. 3d DCA 1980), fn. 1, but in the absence of a threshold showing of error, harm is irrelevant. We note, however, that the proffer was that Dr. Gregory would have testified that Tranquilino Rivero did not have a residual permanent impairment or injury as a result of the accident. The appellants had already proved this through the deposition testimony of a Dr. Ramirez, and thus the testimony of Dr. Gregory could be deemed to be cumulative. The Riveros' sole medical witness testified to a five per cent permanent impairment. Compare Troupe v. Evans, supra, (where the plaintiff's sole expert witness was clearly not cumulative.