BERANEK, Judge.
This is a petition for common law certio-rari filed as an emergency seeking to overturn a trial court’s order regarding discovery.[1] The petition is brought by two defendants in a medical malpractice case. The case was specially set for a jury trial to begin on July 27, 1981. The lawyers representing the defendants in this case are involved in another medical malpractice case which was specially set for the two-week period immediately preceding the trial of the instant case. Defense counsel were thus completely unavailable during the two-week period immediately preceding the scheduled date of the trial.
A pretrial conference occurred in the matter on July 9, 1981. At that time, by *1319 agreement, additional witness lists were filed by plaintiff and each of the two defendants. Each party added several new witnesses which opposing counsel were unaware of. At the pretrial conference, plaintiffs’ counsel sought permission to depose the new witnesses added by the defendants and also sought permission to take a videotape deposition of plaintiffs’ own out-of-state medical expert. Defendants objected to any further discovery by any party of any new witness and in the alternative sought a continuance of the trial. Defense counsel took the position that no discovery should occur and that all of the new witnesses should simply be called to testify in the trial without being subject to pretrial discovery. Defense counsel did not object to plaintiffs’ calling the new witnesses at trial. The objection was to the plaintiffs’ deposing any of plaintiffs’ own witnesses or any of the newly noticed defense witnesses in the two-week period prior to trial when defense counsel would be unavailable. Plaintiffs countered that they should not be prevented from discovery merely because defense counsel were unavailable in the crucial period immediately prior to trial. The trial court denied the motion for continuance and allowed, all parties to proceed with depositions on the newly noticed witnesses. It is conceded that each defense counsel is a member of a firm having other lawyers who could participate in the discovery. It is further clear that these other lawyers are nowhere near as knowledgeable of the case, but will merely be pinch hitting for trial counsel.
We are sympathetic with defense counsel, but the question is not whether the members of this panel would have granted a continuance under similar circumstances but rather whether the trial judge abused his discretion in failing to grant the continuance. The grant or denial of a continuance is a matter within the sound discretion of a trial judge. State v. Florida State Turnpike Authority, 134 So.2d 12 (Fla. 1961). We feel this is particularly true in regard to pretrial discovery scheduling matters. The trial court has a far superior vantage point as to prior discovery which has gone on, the necessity for further discovery, and the many considerations which go into managing a trial docket and granting continuances. The action of the trial court will not be disturbed by the appellate court unless there is clearly shown to have been a palpable abuse of judicial discretion. Edwards v. Pratt, 335 So.2d 597 (Fla.3d DCA 1976); Williams v. Gunn, 279 So.2d 69 (Fla.1st DCA 1963). The burden of establishing abuse of discretion is on the party complaining of the trial court’s action. Aeree v. State, 153 Fla. 561, 15 So.2d 262 (1943).
Several matters support the exercise of the trial court’s discretion herein. Initially, the transcript of the pretrial conference shows all counsel stipulated that additional witnesses could be added at the time of the conference. When counsel stipulate to the addition of new witnesses two weeks prior to trial, there is a clear implication that these witnesses should be subject to discovery, at least in the absence of a stipulation to the contrary. Defendants also wanted to add additional witnesses and we certainly cannot fault the trial judge for allowing plaintiffs to proceed with discovery of these additional defense witnesses.
On petition before this Court, the defendants complain that plaintiff had not answered certain expert witness interrogatories propounded under Rule of Civil Procedure 1.280(b)(3)(A). Defendants contend they were surprised by plaintiff’s new expert since these expert witness interrogatories had not been answered. The transcript of the pretrial conference indicates absolutely no mention of plaintiffs’ failure to answer these interrogatories. Since this matter was not brought to the trial court’s attention, we cannot consider it.[2] Further, since the defendants added expert witnesses *1320 pursuant to stipulation at the last minute, plaintiffs cannot be faulted for doing so pursuant to the same stipulation.
As we see it, the stipulation to add witnesses late and the total unavailability of both defense counsel during the crucial two-week period prior to the trial presents a dilemma. On the one hand, the plaintiffs’ medical expert may appear and testify at trial with defendants having absolutely no idea what that testimony would be. On the other hand, the doctor would testify in a videotaped deposition prior to trial, and the cross-examination would be handled by another lawyer from defense counsel’s firm who would be less knowledgeable than trial counsel. Even though a continuance of the entire case is an appealing third alternative, we cannot conclude that the trial judge, in his superior vantage point, clearly abused his discretion in choosing to allow the deposition to proceed with substitute counsel rather than trial counsel.
We, therefore, deny the emergency petition for certiorari with a note of caution that the admissibility at trial of the videotaped deposition has obviously not yet been ruled upon.
CERTIORARI DENIED.
LETTS, C. J., and GLICKSTEIN, J., concur.
BERANEK, J., concurs specially with opinion.

. We previously ruled upon this matter by denial of the writ with opinion to follow.

. We recognize the failure to answer interrogatories was mentioned in a later hearing on another matter.