CAMPBELL, Judge,
dissenting.
I must respectfully dissent.
While I concur with my colleagues’ request for the trial court to set the trial of this cause at the earliest reasonable date and to allow Dr. Johnson liberal rights of discovery, I must presume that the trial judge has done this for there is nothing in *18 the record to indicate otherwise. We all recognize the general principle that the granting or denying of a motion for continuance is left to the sound discretion of the trial judge, and a district court of appeal should not simply substitute its opinion for that of the trial court. In Re Gregory, 313 So.2d 735 (Fla.1975). As was expressed in Buckley Towers Condominium, Inc. v. Buchwald, 340 So.2d 1206, 1208 (Fla. 3d DCA 1977): “It is black letter law that a motion for continuance is grounded in the sound judicial discretion of the trial court and the ruling of the court will not be disturbed unless an abuse of discretion is clearly shown.” Not only must there be an abuse of discretion, it must be a gross or flagrant abuse and adequately demonstrated by the record before the reviewing court. Padgett v. First Federal Savings & Loan Ass’n, 378 So.2d 58 (Fla. 1st DCA 1979); Edwards v. Pratt, 335 So.2d 597 (Fla. 3d DCA 1976); Williams v. Gunn, 279 So.2d 69 (Fla. 1st DCA 1973). While the record reveals that Mr. Higgins is terminally ill and it is possible that he might expire before the new trial date, the record also reveals that the trial judge had the benefit of that information and yet saw fit, in light of it, to grant the motion for continuance. We do not have a transcript of the hearing on the motion for continuance and there is nothing in the record other than Mr. Higgins’ medical prognosis upon which to base a finding of a gross or flagrant abuse of discretion. It is certainly not demonstrated that the trial judge abused her discretion by granting a ninety-day continuance rather than some shorter period as my colleagues urge.