417 So.2d 1085 (1982)
Josephine STERN, As Personal Representative of the Estate of Max Josephson, Deceased, and Rose Josephson, Individually, Appellants,
v.
FOUR FREEDOMS NATIONAL MEDICAL SERVICES, CO., Appellee.
No. 81-1627.
District Court of Appeal of Florida, Third District.
August 10, 1982.
Jerold Hart, North Miami Beach, for appellants.
Mottlau & Wakefield, Daniels & Hicks and Elizabeth K. Clarke, Miami, for appellee.
Before NESBITT, FERGUSON and JORGENSON, JJ.
NESBITT, Judge.
The plaintiffs appeal from an order dismissing the cause following the denial of their motion for continuance on the day of the trial.
*1086 This was an action for wrongful death brought by the personal representative of the estate and the decedent's wife. The case matured on the pleadings and the plaintiffs noticed the case for trial. Counsel for the plaintiffs appeared at the calendar call on June 18, 1981 and announced that he was ready. On the day the case was called for trial, June 22, 1981, plaintiffs filed an emergency motion for continuance due to the illness of the decedent's wife. After a hearing, the trial court denied the motion for continuance. After a hearing, the trial court denied the motion for continuance. Plaintiffs' counsel refused to proceed to trial and the cause was dismissed. We agree with the trial court's order and affirm.
The standard of review of an order denying a continuance was stated by this court, in Edwards v. Pratt, 335 So.2d 597, 598 (Fla. 3d DCA 1976), as follows:
The granting or denying of a motion for continuance is within the discretion of the trial judge and a gross or flagrant abuse of this discretion must be demonstrated by the complaining party before this court will substitute its judgment for that of the trial judge.
More specifically, when a continuance is requested because of the absence of a party, granting or refusing the motion is within the discretion of the court. McWhorter v. McWhorter, 122 So.2d 504 (Fla. 2d DCA 1960).
In the present case, the trial court was well within its discretion in denying plaintiffs' motion for continuance because they failed to comply with the formal requisites of Florida Rule of Civil Procedure 1.460. That rule states, in pertinent part:
The motion shall state all of the facts that the movant contends entitle him to a continuance. If a continuance is sought on the ground of nonavailability of a witness, the motion must show when it is believed the witness will be available.
In deciding upon the sufficiency of a motion for continuance, no presumption favorable to the applicant is to be indulged. Hall v. Florida State Drainage Land Co., 89 Fla. 312, 103 So. 828 (1925).
In the support of the motion for continuance, plaintiffs' counsel alleged:
1. The Plaintiff, ROSE JOSEPHSON, is presently hospitalized as an in-patient at Westchester General Hospital under the care of Dr. Jeffrey Fox for treatment of Angina, Congestive Heart Failure, Lung Disease, Diabetes and Dermititis.
2. Said Plaintiff, who is 81 years of age, is unable to go to trial during said trial period due to said hospitalization and severe state of health.
3. The continuance of the trial of this cause is not sought for any purpose of hindrance or delay but rather so that the ends of justice might properly be met. There has been no prior Motions for Continuance of Trial filed in this cause.
These allegations failed to describe the subject matter of the plaintiff's testimony so that the court could determine whether the plaintiffs' case would be prejudiced by the absence of such evidence. See Fuller v. Rinebolt, 382 So.2d 1239 (Fla. 4th DCA 1980). Furthermore, the motion was deficient in that there was no statement as to when the plaintiff might be available for trial.[1]See McKesson & Robbins v. Barwick, 95 So.2d 601 (Fla. 1957). Because of plaintiffs' failure to satisfy the requirements of Rule 1.460, the trial court was within its discretion in denying the motion for a continuance.[2]
*1087 Despite this, we might have reversed the trial court's dismissal of this cause insofar as it is an extremely drastic remedy to visit on a party, but for the fact that it was plaintiffs' attorney who refused to proceed to trial. This left the court no alternative but to dismiss the case.[3],[4] In addition to refusing to go to trial, the attorney failed to seek a rehearing or attempt to file affidavits in support of his motion. To countenance the practice in the present case would, in effect, defeat the purpose of motions for continuance and allow delays as a matter of right. Trial judges have a right to ensure the orderly progress of trial litigation and counsel have a concomitant duty to aid the court and to protect their clients in the discharge of that responsibility.
For the foregoing reasons, the order dismissing the cause is affirmed.
NOTES
[1] Failure to provide such information is especially prejudicial to the defendant in the present case where the plaintiff is elderly and in poor health. The defendant may wish to obtain the plaintiff's deposition if it is learned that she may be unavailable for a long period of time or that her prognosis for recovery is unfavorable.
[2] Were we to overlook the form of the motion, we would still be required to affirm based upon the rationale expressed in the trial judge's order. His stated reason was that plaintiff was hospitalized prior to the June 18, 1981 calendar call when plaintiffs' attorney announced that they were ready for trial. Counsel's contention that he was unaware of his client's hospitalization until June 22, 1981 is unavailing where he should have known of her illness. We do not find it to be an onerous burden to expect an attorney to inquire into the health of his eighty-one-year-old client prior to representing to the court that his client is ready for trial.
[3] Thus, this case is distinguishable from the decisions under Florida Rule of Civil Procedure 1.380 where the court has alternatives to the ultimate sanction of dismissal. See e.g. Santuoso v. McGrath & Associates, 385 So.2d 112 (Fla. 3d DCA 1980).
[4] The rationale behind proceeding to trial is apparent. Because a motion to continue is temporal in nature, conditions may change during the trial so as to justify the grant or denial of the motion to continue. The presentation of the case and proffer of the absent party's testimony may indicate to the trial judge the necessity of granting a continuance or mistrial, or may indicate to the appellate court that the trial judge abused its discretion in denying the motion to continue. Of course, it is possible that the plaintiff will obtain a favorable judgment without the party's presence, obviating appellate review.