PER CURIAM.
This is an action between the appellee lawfirm and a former client over attorney’s fees. The client was representing herself. The matter was originally set for jury trial in the spring of 1983. The case was continued at the request of the plaintiff. The parties agreed that the matter would be reset in the fall of 1983. The court on its own set the cause for trial during the first 2 weeks of August, 1983. Everybody concedes that the defendant did not receive notice of the calendar call. Although she had notified plaintiff’s counsel and the judge’s office that she would be unavailable in August and had filed a motion for continuance, setting forth such unavailability, on August 1st she was notified by the judge’s office that the case would be tried on August 2nd. She did not appear and suffered an adverse jury verdict of $15,-000.00. We reverse.
All parties concede that the defendant had no notice of the calendar call which fixed the date of the trial and the trial judge having indicated that if she had been present at the calendar call he would have granted her motion for continuance, we find it error to have gone forward with the trial and to have denied her motion for new trial. Ford v. Ford, 150 Fla. 717, 8 So.2d 495 (1942); Courtney v. Central Trust Co., 112 Fla. 298, 150 So. 276 (1933); In Re Estate of Rutherfurd, 304 So.2d 517 (Fla. 4th DCA 1974).
Therefore we reverse the final judgment under review and return the cause to the trial court for the purposes of a new trial.
Reversed and remanded.