514 So.2d 77 (1987)
Ralfe O.P. SILVERMAN, Jr., Appellant,
v.
Stephen MILLNER, Appellee.
No. 87-30.
District Court of Appeal of Florida, Third District.
October 27, 1987.
Rhea P. Grossman, Miami, for appellant.
Brian R. Hersh, Miami, for appellee.
*78 Before SCHWARTZ, C.J., and HENDRY and HUBBART, JJ.
HENDRY, Judge.
Defendant, Ralfe Silverman, appeals from a final judgment for plaintiff, Stephen Millner, rendered after a non-jury trial. Millner had brought a suit against Silverman for breach of an employment contract. The key witnesses in this action were to have been the parties themselves. Silverman, however, suffered a stroke prior to the commencement of trial and was unable to give live testimony. Silverman now contends, inter alia, the trial court abused its discretion in denying his motion for a continuance which he filed as a result of his illness.
The trial was scheduled to begin on Tuesday, December 16, 1986, at 2 p.m. On Sunday evening, December 14, Silverman became ill and was hospitalized Monday morning, December 15. Shortly thereafter, Silverman's attorney contacted Millner's attorney and informed him of the possible need for a continuance. Millner was scheduled to fly in from out of state prior to trial. When Silverman's attorney called that morning, he was told that Millner was already en route. That same morning, the court was also informed of the defendant's unexpected illness and of the possible need for a continuance. The trial judge instructed her secretary to inform Silverman's attorney that he could present his motion for continuance during the morning calendar on December 16th; the judge indicated she would not entertain the motion during the parties' scheduled trial later that day.
Monday afternoon, Silverman's doctor concluded that Silverman had suffered a stroke. Silverman was confined to the hospital, therefore, it became evident he could not testify at trial the next day. Silverman's attorney then drafted a motion in which he explained the nature and seriousness of the defendant's condition and sought a continuance until the defendant was physically able to appear in court.
Along with the motion, two affidavits were also submitted. The first affidavit, dictated over the phone by Silverman's doctor, explained the defendant's condition, but due to time constraints, the affidavit was submitted without the doctor's signature. In the second affidavit, Silverman's attorney stated he had reviewed Silverman's deposition taken by Millner's attorney to see if the deposition could be used in lieu of the defendant's live testimony. Silverman's attorney concluded he could not "fairly and adequately" defend his client without the live testimony of the defendant; to proceed otherwise would be prejudicial to the defendant's cause.
Silverman's attorney, claiming he never received the judge's instructions regarding the continuance, failed to appear the morning of the December 16th, but instead argued his motion at the commencement of trial that afternoon. The trial judge denied the motion for continuance, stating that Silverman's attorney had depositions he could rely on, and proceeded with the trial.
Ordinarily, the denial of a motion for continuance is within the sound discretion of the trial court and the trial court's order should not be disturbed absent an abuse of discretion. Stern v. Four Freedoms Nat'l Medical Services Co., 417 So.2d 1085 (Fla. 3d DCA 1982); Buckley Towers Condominium, Inc. v. Buchwald, 340 So.2d 1206 (Fla. 3d DCA 1976), cert. denied 348 So.2d 945 (Fla. 1977); Edwards v. Pratt, 335 So.2d 597 (Fla. 3d DCA 1976). Special circumstances sometimes exist, however, in which the denial of a motion for continuance creates an injustice for the movant. In these circumstances, this court's obligation to rectify the injustice outweighs its policy of not disturbing a trial court's ruling on a continuance, Ford v. Ford, 150 Fla. 717, 8 So.2d 495 (1942); Courtney v. Central Trust Co., 112 Fla. 298, 150 So. 276 (1933); Outdoor Resorts At Orlando, Inc. v. Hotz Management Co., 483 So.2d 2 (Fla. 2d DCA 1985), in particular, in cases where the opposing party would suffer no injury or great inconvenience as a result of a continuance.[1]Ford, 8 So.2d at 496.
*79 In the case under review, Silverman's attorney, confronted with the sudden illness of her client, attempted to the best of her ability to comply with the requirements of Florida Rule of Civil Procedure 1.460. A motion was submitted, accompanied by affidavits,[2] which explained the seriousness of the defendant's illness, the necessity of the defendant's testimony in the presentation of the case, and the availability of the defendant as soon as he became physically able to appear in court. Due to the sudden and serious nature of the illness, however, the defendant's attorney was unable to obtain the signature of the defendant on the motion as required by Florida Rule of Judicial Administration 2.085(c).[3]
The defendant's illness and consequent unavailability for trial were unforeseeable, unlike the circumstances in other cases in which the attorneys could have anticipated that their clients or witnesses would not be available for trial. See Stern, 417 So.2d at 1086 n. 2 (the plaintiff was already ill and hospitalized prior to calender call when plaintiff's attorney announced they were ready for trial); Barclay v. Rivero, 388 So.2d 321 (Fla. 3d DCA 1980) (counsel received a letter from the expert witness prior to trial stating that he had set aside April 16 for trial when the actual trial date was April 17).
The defendant in this employment contract action was also the plaintiff's employer. As employer, the defendant's testimony was to have addressed vital issues in litigation regarding the defendant's dissatisfaction with the plaintiff's job performance, whether the defendant had good cause to terminate the plaintiff, and whether the defendant gave the plaintiff adequate notice of termination. This testimony was necessary for a fair and adequate presentation of the defendant's case, as the defendant was the witness most able to present testimony on these matters. See Outdoor Resorts, 483 So.2d at 3; Diaz v. Diaz, 258 So.2d 37 (Fla. 3d DCA 1972); Cf. Stern, 417 So.2d at 1086 (the motion for continuance failed to describe the subject matter of the witness's testimony so the court could not determine whether the party's case would be prejudiced by the absence of such evidence); Barclay, 388 So.2d at 322 n. 7 (excluded testimony was not critical in that similar testimony had already been presented into evidence).
Upon denial of the motion for continuance, Silverman's attorney was obliged to proceed with the trial and rely on the defendant's deposition, taken at a time when Silverman was represented by another attorney. These facts are distinguishable from the circumstances in Stern, in which the movant's attorney refused to proceed to trial when his motion for continuance was denied. The trial court was then left with no choice but to dismiss the case. When the case was appealed, this court was compelled to affirm the dismissal, but the court indicated that its holding may have been different if the attorney had proceeded to trial. The rationale for this assertion is that after a case has been presented, an appellate court can then review the record to determine whether the trial court abused its discretion in denying the continuance.
After examining the circumstances of the case under review, we conclude the trial judge abused her discretion in denying the defendant's motion for continuance. The final judgment is reversed and the cause is remanded for a new trial. As a *80 result of this holding, we need not consider the other issues raised on appeal.
Reversed and remanded.
NOTES
[1] Silverman, in his motion, had agreed to pay for any expenses Millner incurred as a result of the continuance, including the cost of airfare and overnight accommodations.
[2] After the hearing, Silverman's doctor was able to sign his affidavit, affirming "Silverman's condition as both unexpected and serious," and the affidavit was filed with the court.
[3] Florida Rule of Judicial Administration 2.085, which became effective July 1, 1986, was adopted by the supreme court to address the problems of court delays. Section 2.085(c), which governs continuances, requires that a motion for continuance be signed by both the movant and the movant's attorney. Henry P. Trawick, in Trawick's Florida Practice and Procedure, section 22-3, note 5, (1986 ed.), discusses this new requisite and criticizes its necessity. The impracticality of this new requisite is also illustrated by the facts presented in the instant case in which an attorney seeking a continuance is confronted with a situation in which the movant is presently too ill to sign the motion and the attorney does not have time to wait a few days before submitting the motion.