MILLER J.
Upon careful review of the record, we conclude that appellant has failed to demonstrate any abuse of discretion by the lower tribunal in denying its motion for continuance of the evidentiary hearing upon its charging lien. See Stern v. Four Freedoms Nat'l Med. Servs., Co., 417 So. 2d 1085, 1086 (Fla. 3d DCA 1982) ("The granting or denying of a motion for continuance is within the discretion of the trial judge and a gross or flagrant abuse of this discretion must be demonstrated by the complaining party before this court will substitute its judgment for that of the trial judge.") (quoting Edwards v. Pratt, 335 So. 2d 597, 598 (Fla. 3d DCA 1976) ); see also Fisher v. Perez, 947 So. 2d 648, 650 (Fla. 3d DCA 2007) (In addition to the requirements imposed under Florida Rule of Civil Procedure 1.460, a party seeking a motion for continuance due to the unavailability of a witness must show: "(1) prior due diligence *775 to obtain the witness's presence; (2) that substantially favorable testimony would have been forthcoming; (3) that the witness was available and willing to testify; and (4) that the denial of the continuance would cause material prejudice.") (quoting State v. J.G., 740 So. 2d 84, 85 (Fla. 3d DCA 1999) ).[1]
Accordingly, we affirm.
Affirmed.

Here, the lack of prejudice is particularly evident, as appellant is actively pursuing an authorized, alternative remedy. See Attias v. Faroy Realty Co., 609 So. 2d 105, 106 (Fla. 3d DCA 1992) ("We know of no rule which prevents the attorney from abandoning the charging lien and proceeding against the former clients on ordinary contract principles.").