KELLY, Judge.
 

 In these consolidated cases, Lawrence K. Rice appeals from a final summary judgment and final judgment for attor-
 
 *1097
 
 ne/s fees entered in favor of NITV, LLC. We reverse both judgments and remand for further proceedings.
 

 Rice spent twenty years serving in the U.S. military. After he retired, he worked for various military contractors in the intelligence field. In June 2005, Rice was working for Lockheed Martin and was assigned to Central Command at MacDill Air Force Base in Tampa as a senior intelligence analyst and instructor. Lockheed Martin terminated Rice’s employment in February of 2006 after the commander of Central Command received a letter from Thomas Golden. Golden’s letter stated that his firm had been retained by NITV to recover from Rice a voice stress analyzer laptop computer that belonged to NITV. The letter claimed that Rice had agreed to return the computer to NITV “at any time when asked to do so by NITV,” but that Rice had not done so. The letter also accused Rice of being involved in various “questionable” and illegal activities. After receiving the letter, Central Command did not want Rice on the Lockheed contract any longer, and Lockheed fired him.
 

 In February 2006, Rice sued Golden and NITV for tortious interference with a business relationship and defamation and asserted that NITV directly or indirectly caused Golden to send the letter containing false and defamatory statements with the intention of harming Rice’s business relationship with Lockheed Martin and Central Command. In May, NITV answered and asserted a counterclaim for civil theft.
 
 [1]
 
 In June, it filed its interrogatory answers and identified Golden, Charles Humble, who was NITV’s president, and Jim Kane, an NITV employee, as individuals with knowledge of the issues raised in Rice’s complaint. Discovery continued, and in February 2007, Rice’s attorney attempted to schedule the depositions of various witnesses including Kane and Humble. Her attempts continued through the end of April when opposing counsel stated that Kane would be available in July but that Humble was out of the country until May and no date could be selected until he returned.
 

 On May 17, Rice’s counsel moved to withdraw before she could schedule Humble’s deposition. She filed an amended motion to withdraw on May 23, this time including Rice in the certificate of service. During this time Rice was taking a class at the Fort Huachuca Army Base in Arizona. The class was in a secure building and lasted ten hours a day. Rice was at the base from May 17 through August 1. Because Rice was away at the time of the hearing on the motion to withdraw, his attorney asked the court to allow him ninety days to find replacement counsel. The order allowing her to withdraw provided for a status conference within ninety days of the June 25 order. When Rice received the order he understood it to mean that he had ninety days, until September 24, to find replacement counsel. Shortly after the order was signed, a new judge was assigned to the case.
 

 NITV seized this opportunity to move for summary judgment. It filed the motion on July 17 and set the hearing for August 23. Rice learned of the motion during the last week of July. When he returned to Florida the first week of August, he immediately began looking for a new lawyer, but he was not able to secure replacement counsel before the August 23 hearing.
 

 Rice appeared pro se at the hearing. The hearing began with argument from NITV’s counsel and continued until Rice interjected stating:
 

 
 *1098
 
 Your Honor, I don’t know what I can and can’t do. I don’t have a lawyer here to represent me. This stuff is being taken out of context. It’s not being looked at as a whole. I don’t — like I said, I don’t have an attorney here to represent me. I received this prior to getting back home on the 1st of August. I have been out of town for the last three months.
 

 Referencing the order allowing his attorney to withdraw, Rice then attempted to explain why he did not have an attorney; however, the judge told Rice, “I’m not interested in the explanation why you don’t have a lawyer here today.”
 

 The hearing continued, and at the conclusion of NITV’s argument, Rice explained to the court that he had been in Arizona, essentially incommunicado for three months, that he had worked diligently to retain counsel since his August 1 return, that he believed the withdrawal order gave him ninety days to secure counsel, and that he needed additional time to do so. He advised the court that he had spoken to three attorneys, and that the one he had spoken to the day before the hearing was willing to represent him, but would not attend the summary judgment hearing because he could not properly prepare. He also pointed out to the court that NITV’s counsel had misrepresented the contents of his deposition by taking statements out of context, and he explained the context of the remarks at issue to the judge. Finally, he advised the court of his former attorney’s attempts to schedule depositions.
 

 The trial court responded saying there was “nothing here” to rebut the summary judgment motion because Rice had not filed any affidavits. Rice again asked for additional time and again referenced the withdrawal order that provided for a status conference in ninety days. The trial court responded: “Well, that’s really ... just to see if you have another attorney or not.” Rice again explained that his attorney had been trying to depose individuals
 
 from
 
 NITV. He pointed to NITV’s counsel’s letter of April 26 stating that the individuals Rice wished to depose would not even be ready until the middle of July. He stated: “So I’m like — I’m thinking I’ve got time to take care of this issue and get people deposed and get the evidence we need so that a person like yourself can make an informed decision.” Rice also attempted to present a signed statement that he had obtained from David Hughes, NITV’s former executive director. The statement rebutted the affidavit from Humble that NITV had filed in support of its motion for summary judgment. The trial court refused to consider the statement on the ground that it was hearsay.
 

 In response to Rice, NITV’s counsel, Joel Rothman, told the court: “So, Judge, under Rule 1.510(c) it states that judgment sought shall be rendered forthwith.... So, under the circumstances, I don’t think Your Honor has a choice but to render that judgment forthwith.” The trial court agreed, stating, “I don’t think I do. It doesn’t say if he appears with or without a lawyer. There’s no — there’s no — there’s really no way out under the rule.” Rice again told the court he could dispute the facts NITV relied on but that he needed additional time to do so adequately. The court denied Rice’s request stating, “I can’t give you more time simply because you’re not represented. I mean, it’s your responsibility to hire a lawyer.” The court concluded the discussion stating: “Under the current status of the law, I don’t have any choice but to grant his motion for summary judgment. So I’m going to grant the motion for summary judgment.”
 

 Six days later, Rice’s new attorney filed his notice of appearance. He also sent a
 
 *1099
 
 letter to the court indicating he had reviewed the proposed final judgment and had objections to its form, which he detailed in the letter. He further explained that he would be filing a motion for rehearing by the end of the week, and he asked the court not to enter the final judgment until the motion could be heard.
 

 As promised, Rice filed the motion for rehearing along with an affidavit from himself, Rice’s former counsel, and David Hughes. The affidavits of Rice and his former attorney substantiated what Rice had told the court at the summary judgment hearing. Hughes’s affidavit, which explained that Humble had authorized Hughes to give Rice the laptop, mirrored the contents of the statement Rice had attempted to submit at the hearing. Counsel also filed Rice’s answers to NITV’s first set of interrogatories, a copy of the letter he had sent to the court, and a transcript of the summary judgment hearing. The rehearing motion argued that the trial court should have continued the summary judgment hearing and that disputed issues of material fact remained. The motion also asked the trial court to consider the posthearing affidavits. The following day, the court entered the final judgment without addressing Rice’s objections to the form of the judgment, the posthearing affidavits, or the arguments in the motion for rehearing.
 

 In this appeal Rice argues, among other things, that the trial court should have continued the summary judgment hearing. Ordinarily, “the granting or denying of a motion for continuance is customarily within the discretion of the trial court” and an appellate court should “refrain from substituting its judgment for that of the lower court absent an abuse of discretion.”
 
 Outdoor Resorts at Orlando, Inc. v. Hotz Mgmt. Co.,
 
 483 So.2d 2, 3 (Fla. 2d DCA 1985). Here, however, it appears from the record that the trial court believed that it did not have discretion to continue the hearing to allow Rice to obtain counsel. This was error. Florida Rule of Civil Procedure 1.510(c) does not mandate that a trial court render judgment “forthwith” despite a request for a continuance, a position counsel for NITV asserted below but abandoned here.
 

 Rather than try to convince us that the trial court had no discretion to continue the hearing, NITV instead contends that the trial court did not abuse its discretion. While trial courts necessarily enjoy broad discretion in deciding whether to grant or deny a motion for continuance, the exercise of that discretion is not absolute.
 
 Neal v. Swaby,
 
 975 So.2d 431, 433 (Fla. 2d DCA 2007). In determining whether a trial court has abused its discretion in ruling on a motion for a continuance, appellate courts have considered the following factors: “1) whether the movant suffers injustice from the denial of the motion; 2) whether the underlying cause for the motion was unforeseen by the mov-ant and whether the motion is based on dilatory tactics; and 3) whether prejudice and injustice will befall the opposing party if the motion is granted.”
 
 Baron v. Baron,
 
 941 So.2d 1233, 1235-36 (Fla. 2d DCA 2006) (quoting
 
 Myers v. Siegel,
 
 920 So.2d 1241, 1242 (Fla. 5th DCA 2006)). Rice suffered an injustice. Even on the record as it stood at the summary judgment hearing, NITV had failed to meet its burden to demonstrate that there were no disputed issues of material fact either as to its claim against Rice or Rice’s claim against it; however, Rice was unable to properly explain to the trial court how NITV had failed to meet its burden. As a result, he lost not only his opportunity to pursue his claim against NITV, he had a judgment entered against him on NITV’s counterclaim and on its claim for attorney’s fees.
 

 
 *1100
 
 It also appears that the underlying cause for the motion was unforeseen. Rice believed his former attorney had asked for and been granted a period of ninety days for Rice to retain a new attorney, a fact borne out by the order granting the attorney’s motion to withdraw and by her affidavit. Rice could not have foreseen that a new judge who was unaware of this fact would be assigned to the case and that opposing counsel would take advantage of that fact and Rice’s extended absence to schedule a summary judgment hearing before the end of the ninety-day period. There is no indication that the motion was a dilatory tactic and our record does not suggest, and NITV has not claimed, that any prejudice or injustice would have befallen it had the continuance been granted. Given all these circumstances, we reject NITV’s contention that the trial court did not abuse its discretion when it refused to continue the summary judgment hearing. Accordingly, we reverse the final summary judgment in favor of NITV as well as the judgment for attorney’s fees and costs and remand for further proceedings.
 
 [2]
 

 Reversed and remanded.
 

 FULMER, J., and RAIDEN, MICHAEL E., Associate Judge, Concur.
 

 [1]
 

 . Rice voluntarily dismissed Golden for lack of personal jurisdiction.
 

 [2]
 

 . While Rice has raised additional arguments, we need not address them given our disposition on this issue.