CASANUEVA, Chief Judge.
 

 Corey Lamont Brown was arrested for violating a condition of his community control. The court set the violation of community control hearing less than two months following that arrest. Immediately preceding the violation hearing, Mr. Brown made his first and only request for a continuance to retain private counsel. The court refused the request and went on with the hearing, finding Mr. Brown in violátion of his community control. On appeal, Mr. Brown contends that the trial court abused its discretion in denying his request for a continuance. We agree and reverse and remand for further proceedings. We need not address Mr. Brown’s other issue on appeal because our holding renders it moot.
 

 Mr. Brown was arrested on November 4, 2008, for the charged violation and made his first appearance on November 5. The court held docket soundings on the case on November 10 and November 25, but on this record it is unclear whether Mr. Brown was present for either.
 
 [1]
 
 At the November 25 docket sounding, the court set the violation of community control hearing for December 30. Nothing else occurred in the case until that hearing.
 

 When Mr. Brown appeared on December 30, he immediately requested a continuance so that he could obtain private counsel. He explained that his family was only recently able to gather the funds to pay for private representation. The court denied the request:
 

 Now I want to take care of your case today. It’s been outstanding long enough. You’ve had time — ample opportunity to get a lawyer — private lawyer. You have a lawyer. You have a good lawyer actually.
 

 [[Image here]]
 

 But either you can either [sic] have a hearing on this today or you can take whatever offer the State’s made you if
 
 *214
 
 they’ve made you one or you can plead straight up to the Court. Those are your three choices.
 

 [[Image here]]
 

 You have a lawyer. You have a good lawyer. I’m not continuing your case. You’ve had time to do that. So what do you want to do?
 

 Mr. Brown elected to have a hearing and was found in violation. The court revoked his community control and imposed a prison sentence for each of his charges.
 

 While trial courts necessarily enjoy broad discretion in deciding whether to grant or deny a motion for continuance, the exercise of that discretion is not absolute.
 
 Neal v. Swaby,
 
 975 So.2d 431, 433 (Fla. 2d DCA 2007). In determining whether a trial court has abused its discretion in ruling on a motion for a continuance, appellate courts have considered the following factors: “1) whether the movant suffers injustice from the denial of the motion; 2) whether the underlying cause for the motion was unforeseen by the movant and whether the motion is based on dilatory tactics; and 3) whether prejudice and injustice will befall the opposing party if the motion is granted.”
 
 Baron v. Baron,
 
 941 So.2d 1233, 1235-36 (Fla. 2d DCA 2006) (quoting
 
 Myers v. Siegel,
 
 920 So.2d 1241, 1242 (Fla. 5th DCA 2006)).
 

 Rice v. NITV, LLC,
 
 19 So.3d 1095, 1099 (Fla. 2d DCA 2009).
 

 Mr. Brown requested the continuance to seek private counsel. “[A] defendant in a criminal proceeding has a presumptive right to counsel of his or her choosing under the Sixth Amendment to the United States Constitution.”
 
 Robinson v. State
 
 750 So.2d 58, 59-60 (Fla. 2d DCA 1999) (citing
 
 Wheat v. United States,
 
 486 U.S. 153, 108 S.Ct. 1692, 100 L.Ed.2d 140 (1988)). Denying a defendant the right to counsel of his choice, without good cause, is prejudicial per se.
 
 See Foster v. State,
 
 704 So.2d 169, 174 (Fla. 4th DCA 1997) (reversing and remanding for new trial when the trial court denied defendant’s pretrial motion to switch attorneys, despite the fact that the defendant could not demonstrate he suffered any harm by his court-appointed counsel’s representation). Mr. Brown had little to no opportunity to raise this issue prior to this hearing because only two months had passed since his arrest. Also, the record suggests he may only have been in court one prior time, at his first appearance. The trial court made no finding that the basis for his motion was “dilatory tactics.” And although the trial court held that the case had “been outstanding long enough,” this record does not set forth any possible prejudice or injustice to the State had the trial court granted a continuance so early in the proceedings. In fact, the State raised no objection to. Mr. Brown’s request.
 

 Applying the factors set forth in
 
 Rice
 
 to the facts of this case, we hold that the trial court abused its discretion by denying Mr. Brown’s request. We reverse the order of revocation of community control and remand for further proceedings consistent with this opinion.
 

 DAVIS and CRENSHAW, JJ., Concur.
 

 [1]
 

 . Mr. Brown was housed in the Hillsborough County Jail during some of these proceedings, thus requiring the issuance of a transport order to bring him to Charlotte County.