CIKLIN, J.
Jerald Yaris (“the former husband”) appeals the Final Judgment on Petition for Modification and Attorney Fees (“the Judgment”), arguing that the trial court abused its discretion by denying his motion for a continuance of the final hearing. We recognize the high degree of deference afforded to the trial court with respect to this type of discretionary decision, but must reverse because the former husband suffered an injustice as a result of the denial, the continuance was not requested as a dilatory tactic, and a delay would not have prejudiced the opposing party.
The former husband and Linda Hartley (“the former wife”) divorced in 1990. The former husband was obligated to pay the former wife alimony. In January 2012, the former husband petitioned for a reduction or termination of alimony. The former wife answered the petition, denying the substantive portions of the former husband’s petition. The former wife also counter-petitioned for additional alimony and requested attorneys’ fees.
*827 In May 2012, the court set the case for final hearing on August 7, 2012. In July, the former wife moved for a three-month continuance of the final hearing on the grounds that additional time was needed to complete discovery. The trial court denied the former wife’s motion for continuance.
On August 3, 2012, four days before the scheduled final hearing, the former husband moved for a continuance. The former husband’s motion stated that his sister-in-law was suffering from lung cancer, that he was travelling to Massachusetts to be with her, and that he needed a continuance because his testimony was crucial to his petition and denying the petition would result in “extreme prejudice.” The court denied the former husband’s motion. Thereafter, the former husband filed an amended motion for continuance.
Before the final hearing of August 7 began, the court heard the former husband’s amended motion for continuance. The motion was based on the same facts as the earlier motion, except that the amended motion stated the sister-in-law “may soon pass” and was receiving morphine and Adavant every half-hour. The amended motion reiterated that the former husband would suffer “extreme prejudice” if the continuance were not granted because he had been unable to assist his attorney before in preparing for the final hearing and because he would be unable to appear and testify. In fact, the former husband did not appear at the final hearing.
The court denied the amended motion for continuance and the former husband’s counsel then stated that without the former husband’s testimony he “would be wasting [the court’s] time” by presenting any evidence, and thereupon the court summarily denied the former husband’s petition for lack of evidence.
The former wife then attempted to prove her counter-petition for an increase in alimony, but without the former husband present, she was unable to introduce any of his financial records into evidence. The former wife then voluntarily dismissed her claim for an increase in alimony.[1]
The former husband’s sister-in-law passed away during the night following the hearing, in the early morning hours of August 8.[2] On August 9, the court entered the Judgment, in which the court denied both parties’ petitions for a modification of alimony. The court ordered the former husband to pay the former wife’s attorneys’ fees.
The former husband appeals the Judgment, arguing the trial court abused its discretion by denying his motion for continuance.
Analysis
“A motion for continuance is addressed to the sound judicial discretion of the trial court and absent abuse of that discretion the court’s decision will not be reversed on appeal.” Ziegler v. Klein, 590 So.2d 1066, 1067 (Fla. 4th DCA 1991) (citations omitted). As the First District stated:
A ruling on a motion for continuance is treated with a relatively high degree of deference, even among other kinds of discretionary decisions. The Florida Supreme Court has noted that a reversal on the ground that the trial court *828 erred in denying a motion for a continuance requires a clear showing of a palpable abuse of ... judicial discretion. We take this to mean that the court has required even greater deference to continuance orders than is required of other discretionary rulings.
In light of this standard, we acknowledge that a reversal for failure to grant a motion for continuance would be justified only in very rare situations. However, there are indeed cases in which the appellate court will have no alternative but to reverse, because the injustice caused by the denial of the motion outweighs the judicial policy of deferring to the trial judge.
Shands Teaching Hosp. & Clinics, Inc. v. Dunn, 977 So.2d 594, 599 (Fla. 1st DCA 2007) (citations and quotation marks omitted).
This court has previously discussed factors to be assessed when reviewing the denial of a motion for continuance:
Factors to be considered in determining whether the trial court abused its discretion in denying the motion for continuance include whether the denial of the continuance creates an injustice for the movant; whether the cause of the request for continuance was unforeseeable by the movant and not the result of dilatory practices; and whether the opposing party would suffer any prejudice or inconvenience as a result of a continuance.
Fleming v. Fleming, 710 So.2d 601, 603 (Fla. 4th DCA 1998) (citations omitted).
In this case, the denial of the former husband’s motion for continuance created an injustice for the former husband. See A.P.D. Holdings, Inc. v. Reidel, 865 So.2d 682, 684 (Fla. 4th DCA 2004) (determining that the denial of a motion for continuance “created an obvious injustice” for moving party because an important witness was unable to attend the hearing); Taylor v. Inst. for Med. Weight Loss, 863 So.2d 398, 400 (Fla. 4th DCA 2003) (finding “the denial of the continuance created an injustice” for the moving party when the moving party’s expert unexpectedly refused to testify at trial); see also Rice v. NITV, LLC, 19 So.3d 1095, 1099 (Fla. 2d DCA 2009) (finding that party “suffered an injustice” when the denial of the party’s motion for continuance resulted in party’s inability to effectively present its argument at a summary judgment hearing and opposing party prevailed on counterclaim and claim for attorneys’ fees). Here, the former husband’s case was crippled by his absence. The former husband’s attorney explained to the trial court that he could not prove his client was entitled to a reduction in alimony without the former husband’s testimony regarding his financial conditions. Further, even the former wife was forced to abandon her request for modification of alimony because some of the relevant financial records were inadmissible hearsay without the former husband’s testimony.
While the record does not indicate when the former husband learned of the seriousness of his sister-in-law’s illness, the record is clear that the former husband was not engaging in a dilatory practice. The record contains no indication that the former husband was seeking the continuance to delay the hearing or for any other improper purpose. The former husband informed the court of his need for a continuance, and he amended his motion to expressly inform the court that his sister-in-law was close to death. Further, although this information was not before the trial court, we note that the former husband’s sister-in-law died during the night following the hearing and that if the former husband had attended the hearing he would have missed the final day of his sister-in-law’s life.
*829 Finally, there is no indication that the former wife would have suffered prejudice if the trial court had granted the continuance. The former wife did not pose an objection when the former husband’s counsel presented the motion for continuance and actually had requested a continuance of her own.
Despite our acknowledged deference to the trial court in reviewing a motion for continuance, we must find that the trial court erred in this case. An analysis of the relevant factors indicates that there was a compelling need for a continuance in this case and, as far as we can glean from the record, no compelling reason to deny the motion.[3]
In light of our holding, it is not necessary to address the former husband’s other issue raised on appeal.

Reversed and remanded.

MAY, J., and SCHIFF, LOUIS, Associate Judge, concur.

. The former wife did introduce evidence regarding her own financial status and evidence regarding the time her attorney spent on the case.

. The former husband did not file a copy of the death certificate until after the trial court had entered judgment. The record does not indicate that the trial court was aware of the death of the sister-in-law, at least before entering judgment.

. We are not unsympathetic to the trial court's scarce resource of time and a full day, as reserved by the court in this matter (and at the parties’ request) is indeed a coveted setting. Nonetheless, this is one of those “very rare situations” as enunciated in Shands, 977 So.2d at 599.