NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

DONALD A. HILL,                          )
                                         )
            Appellant,                   )
                                         )
v.                                       )      Case No. 2D13-5996
                                         )
STATE OF FLORIDA,                        )
                                         )
            Appellee.                    )
                                         )
_____  )

Opinion filed February 11, 2015.

Appeal from the Circuit Court for Lee
County; Edward J. Volz, Jr., Judge.

Howard L. Dimmig, II, Public Defender, and
Bruce P. Taylor, Assistant Public Defender,
Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Susan M. Shanahan,
Assistant Attorney General, Tampa, for
Appellee.


LaROSE, Judge.

        Donald Hill appeals the revocation of his probation and the resulting

judgment and sentence. We have jurisdiction. See Fla. R. App. P. 9.140(b)(1)(D). The

trial court erred in denying Mr. Hill's request for a continuance without adequate factual

support. Accordingly, we reverse.

In October 2013, the State filed an affidavit alleging that Mr. Hill violated his probation. At the scheduled evidentiary hearing four weeks later, Mr. Hill asked for a continuance so he could hire private counsel. Mr. Hill's public defender told the trial court that Mr. Hill had been trying to contact an attorney named Boyle but had been unable to do so. Apparently, Mr. Boyle represented Mr. Hill on a previous probation violation charge. Unbeknownst to Mr. Hill, Mr. Boyle was dead. Mr. Hill asked the court for time to hire other private counsel.

The trial court asked the prosecutor if the State was ready to proceed. The prosecutor responded that he had witnesses ready. The trial court stated, "We're ready to go. Witnesses are here so we're gonna have a hearing." At the end of the hearing, the trial court revoked Mr. Hill's probation. On appeal, Mr. Hill argues that the trial court should have granted his motion for a continuance. We review the trial court's ruling on a motion for continuance for an abuse of discretion. Baron v. Baron, 941 So. 2d 1233, 1235 (Fla. 2d DCA 2006).

Presumptively, a criminal defendant has the right to counsel of his choice under the Sixth Amendment. Brown v. State, 38 So. 3d 212, 214 (Fla. 2d DCA 2010). Of course, the defendant may not use this right to delay or subvert judicial proceedings. Jackson v. State, 979 So. 2d 442, 444 (Fla. 4th DCA 2008). Equally important, a court should not deny a defendant counsel of his choice without good cause. Brown, 38 So. 3d at 214.

In determining whether the trial court abused its discretion in denying Mr. Hill's motion, we consider "1) whether the movant suffers injustice from the denial of the motion; 2) whether the underlying cause for the motion was unforeseen by the movant

and whether the motion is based on dilatory tactics; and 3) whether prejudice and injustice will befall the opposing party if the motion is granted." Baron, 941 So. 2d at 1235-36 (quoting Myers v. Siegel, 920 So. 2d 1241, 1242 (Fla. 5th DCA 2006)).

In Brown, we held that the trial court abused its discretion in denying a motion to continue an evidentiary hearing in a probation violation case with no prior continuance, where the defendant made the motion for the purpose of retaining private counsel, and when the scheduled hearing was shortly after the arrest. 38 So. 3d at 214. In reversing the denial of the continuance, we observed:

> Mr. Brown had little to no opportunity to raise this issue prior to this hearing because only two months had passed since his arrest. Also, the record suggests he may only have been in court one prior time, at his first appearance. The trial court made no finding that the basis for his motion was "dilatory tactics." And although the trial court held that the case had "been outstanding long enough," this record does not set forth any possible prejudice or injustice to the State had the trial court granted a continuance so early in the proceedings. In fact, the State raised no objection to Mr. Brown's request.

Id. In the case now before us, only one month had passed since Mr. Hill's arrest. As in Brown, our record reflects only one prior court appearance five days after Mr. Hill's arrest. And, the trial court made no finding that Mr. Hill's motion was a stalling tactic. Importantly, our record does not show any injustice or prejudice to the State had the trial court granted a continuance. Indeed, the State lodged no objection to the motion.

With no record basis to support the denial of a continuance, we conclude that the trial court abused its discretion in denying Mr. Hill's motion. Therefore, we reverse the revocation of probation, judgment, and sentence and remand for a new evidentiary hearing.

Reversed and remanded for further proceedings.

- 3 -

CRENSHAW and SLEET, JJ., Concur.