# Third District Court of Appeal

## State of Florida

Opinion filed May 25, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-825
Lower Tribunal No. 11-43867
_____

**Rodrigo Daher,**
Appellant,

vs.

**Pacha NYC, etc., et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Jorge E. Cueto, Judge.

Adam E. Miller and Michael B. Westheimer (Pompano Beach), for appellant.

Entin & Della Fera, P.A., and Richard F. Della Fera, and Joseph E. Somake (Fort Lauderdale), for appellees.

Before WELLS, EMAS, and LOGUE, JJ.

LOGUE, J.

Rodrigo Daher appeals an order dismissing his claims against Pacha NYC and three of its employees based on his failure to appear for trial, arguing that his motion to continue the trial should have been granted due to his inability to attend the trial. We recognize the high degree of deference afforded to the trial court with respect to this type of discretionary decision. However, for the following reasons, we reverse and remand for further proceedings.

**FACTS AND PROCEDURAL BACKGROUND**

In March 2009, Daher, a Brazilian citizen, visited Miami to attend a music festival and a party at a Miami Beach hotel. Pacha sponsored the hotel party. On the day of the party, Daher had a change of heart and decided to sell his tickets for face value near the hotel. Unbeknownst to him, three alleged employees of Pacha (bouncers or security guards) assumed that he was attempting to sell counterfeit tickets. After a buyer paid for the tickets in cash, one of the employees allegedly grabbed Daher around the neck and placed him in a chokehold. Another employee took the cash and tickets and ripped the tickets apart. The employees then allegedly hit Daher in the face repeatedly, causing severe injuries. He received treatment for his injuries at a local hospital. He then returned to Brazil.

On December 30, 2011, Daher filed suit against Pacha and the employees who allegedly assaulted him. He made claims of negligence, battery, assault, and

2

conversion against the employees. He alleged claims of vicarious liability and negligent supervision against Pacha.

The trial date was significantly delayed. This delay was caused primarily, if not exclusively, by Pacha or the insurance carrier responsible for its defense. For example, Pacha sought a stay of the proceedings after its insurance carrier had been placed into receivership in Delaware. After the stay expired, on October 17, 2014, Pacha asked the trial court to set the trial on its May 2015 trial docket. The trial court declined the request and, instead, opted to set the trial for its March 2015 trial docket. The court ultimately scheduled the trial for March 9, 2015.

On February 18, 2015, the parties filed a joint motion to continue the trial to the next trial docket due, in large part, to the defendants' difficulty in deposing Daher while he resided in Brazil. The parties agreed that a continuance would not prejudice them. In a written order, the trial court denied the joint motion without explanation. The defendants then moved to strike all of Daher's pleadings, including the witness list which included Daher, alleging they had been unable to depose Daher because he lived in Brazil. Attached to the motion was an email from Daher's counsel, stating that Daher has been unable to obtain a travel visa, but that he can return to the United States by March 2, 2015.

On March 3, 2015, Daher's counsel filed an emergency motion to continue the trial based on circumstances "beyond the control" of Daher. The motion stated

3

that on July 18, 2014, Daher applied for permission to travel to the United States for this court proceeding. He also had retained an immigration attorney to "navigate the bureaucratic procedures" of the United States Citizenship and Immigration Service (USCIS). His visa request, however, had not yet been granted. Although counsel admitted that USCIS had provided no assurances regarding the exact date of travel approval, the motion went on to explain that as recently as the day this motion was filed, USCIS had advised counsel that the approval could occur "any day." With these circumstances in mind, counsel asked the court to reschedule the trial for the next trial docket, as the parties had previously requested in their joint motion for a continuance. The trial court denied the request because the case had been pending for over three years.

On the day of trial, March 9, 2015, Daher's trial counsel appeared and orally renewed his motion for a continuance. He informed the court that Daher's visa request had not yet been approved, but, as he stated in his prior motion for a continuance, the approval was expected "any day." He explained that in anticipation of imminent travel approval, Daher had bought a plane ticket to Miami, booked a hotel in Miami, and attempted to board a plane to Miami a few days before trial. Daher's trial counsel also provided correspondence between USCIS and Daher's immigration attorney dating back to 2013, which reflected the efforts taken by Daher to return to the United States. Daher's trial counsel further

4

offered to call Daher's immigration attorney, who was present in the courtroom, to testify regarding the efforts taken by Daher to attend trial. The trial court denied this request, denied the renewed motion for a continuance, and dismissed the case due to Daher's failure to appear. This appeal followed.[1]

## ANALYSIS

The decision whether to grant or deny a continuance is within the trial court's discretion. Morris v. City of Cape Coral, 163 So. 3d 1174, 1180 (Fla. 2015). But that discretion is not absolute. See Fisher v. Perez, 947 So. 2d 648, 653 (Fla. 3d DCA 2007) ("While a trial judge ordinarily has great discretion in ruling on matters during the course of a trial, such rulings must comport with fairness and due process."); Silverman v. Millner, 514 So. 2d 77, 78 (Fla. 3d DCA 1987) ("Special circumstances sometimes exist . . . in which the denial of a motion for continuance creates an injustice for the movant. In these circumstances, this court's obligation to rectify the injustice outweighs its policy of not disturbing a trial court's ruling on a continuance."); Shands Teaching Hosp. & Clinics, Inc. v. Dunn, 977 So. 2d 594, 599 (Fla. 1st DCA 2007) ("[T]here are indeed cases in which the appellate court will have no alternative but to reverse, because the injustice caused by the denial of the motion outweighs the judicial policy of deferring to the trial judge.").

---

[1] The statute of limitations has run on Daher's claims.

In this regard, appellate courts have considered several factors when reviewing the denial of a motion for a continuance. These factors include, but are not necessarily limited to, the following: whether the denial of the motion results in the movant suffering an injustice; whether the underlying cause for the motion was unforeseen; whether the motion is based on dilatory tactics; and whether, assuming the motion was granted, the opposing party would be prejudiced. See Silverman, 514 So. 2d at 78-79; Yaris v. Hartley, 128 So. 3d 825, 828 (Fla. 4th DCA 2013); Riley v. Riley, 14 So. 3d 1284, 1287 (Fla. 2d DCA 2009); Myers v. Siegel, 920 So. 2d 1241, 1242 (Fla. 5th DCA 2006).

Relying on some or all of these factors, this court has reversed the denial of a continuance based on a party's or important witness's inability to attend trial due to medical complications. See Fisher, 947 So. 2d at 653 (an expert medical witness had unforeseeable medical complications from a recent back surgery); Silverman, 514 So. 2d at 79 (a party had a stroke less than two days before trial).

Other Florida courts have reversed such orders in similar circumstances. See Yaris, 128 So. 3d at 828 (a party traveled on short notice to be with a dying relative); Riley, 14 So. 3d at 1287-88 (a party, who could not represent himself competently, learned that his attorney had withdrawn one week before the crucial marriage dissolution hearing); Dunn, 977 So. 2d at 600 (a critical witness for a party was nine months pregnant and unable to safely travel); Myers, 920 So. 2d at

1243-44 (a party's attorney, who was vision-impaired, did not have the ability to appear at trial without sighted co-counsel, who was his wife, due to her emergency hospitalization); Jean v. Cty. Sanitation Inc., 596 So. 2d 1245, 1246-47 (Fla. 4th DCA 1992) (a party was seriously injured in a car accident on his way to the airport).

The circumstances of this case are analogous to those cases. Daher was not only a party, but also a crucial witness. See Yaris, 128 So. 3d at 828 ("In this case, the denial of the former husband's motion for continuance created an injustice for the former husband. Here, the former husband's case was crippled by his absence.") (internal citations omitted); Dunn, 977 So. 2d at 600 ("We would be more inclined to excuse the error in denying the motion for continuance if [the nurse] were not such an important witness. The claim against the hospital was based entirely on the allegation that [the nurse] was negligent. . . . If the jury believed [the nurse's] statement . . . the hospital would have prevailed.").

The record also is clear that Daher moved for a continuance without engaging in any dilatory practice. As Daher's trial counsel stated in his motion, Daher could not attend trial due to circumstances beyond his control. These circumstances included navigating the "bureaucratic procedures" of USCIS, for which Daher had retained an immigration attorney. Despite an unanticipated delay, Daher's trial counsel emphasized that visa approval was imminent. He explained

7

that in anticipation of imminent travel approval, Daher had bought a plane ticket to Miami, booked a hotel in Miami, and attempted to board a plane to Miami in time for trial. Counsel also provided correspondence between USCIS and Daher's immigration attorney dating back to over a year and half before trial, which reflected the efforts taken by Daher to return to the United States. Daher's trial counsel further offered to call Daher's immigration attorney, who was present at the day of trial, to testify regarding the efforts taken by Daher to attend trial.

Ultimately, Daher's counsel requested that the court continue the trial to the next trial docket, which was the same relief the defendants had requested in the joint motion for a continuance. Nothing in the record indicates that Daher moved to continue the trial for a mere tactical advantage or for any improper purpose. See Yaris, 128 So. 3d at 828 ("While the record does not indicate when the former husband learned of the seriousness of his sister-in-law's illness, the record is clear that the former husband was not engaging in a dilatory practice. The record contains no indication that the former husband was seeking the continuance to delay the hearing or for any other improper purpose.").

Nor is there any indication that the defendants would have been prejudiced by a continuance. To the contrary, the defendants had initially requested a trial date for May 2015, instead of March 2015, and later joined Daher in seeking to continue the trial to the next trial docket. In the joint motion, the defendants

8

admitted that a continuance would not prejudice them. The record further reflects no change in circumstance from that point to the point when Daher moved for a continuance. On these facts, no prejudice to the defendants exists. See Yaris, 128 So. 3d at 829 ("[T]here is no indication that the former wife would have suffered prejudice if the trial court had granted the continuance. The former wife did not pose an objection when the former husband's counsel presented the motion for continuance and actually had requested a continuance of her own.").

Finally, and perhaps as significant as any other factor, the trial court's order of involuntary dismissal of the complaint sounded the death knell of Daher's lawsuit. The statute of limitations had already expired and, as a direct result of the trial court's decision to deny a continuance, Daher was precluded from refiling the complaint. The denial of the motion for continuance was, for all practical purposes, a dismissal with prejudice. In light of this circumstance and the other circumstances already discussed, it is hard to envision a more compelling situation by which "the denial of a motion for continuance creates an injustice for the movant." Silverman, 514 So. 2d at 78. Here, as in Silverman, "this court's obligation to rectify the injustice outweighs its policy of not disturbing a trial court's ruling on a continuance." Id.

We recognize that the trial court denied Daher's motion for a continuance because the case had been pending for over three years. Typically, this basis for

denying the motion might be reason enough to affirm. But, while we sympathize with the frustration of the seasoned trial judge regarding the delay in scheduling the trial, our review of the record leads us to conclude that the delay was not due to the actions of Daher. Instead, the delay was caused primarily, if not exclusively, by Pacha or its insurance carrier.

Given all of these circumstances, Daher's motion for a continuance should have been granted.

Reversed and remanded for further proceedings.