# Third District Court of Appeal
## State of Florida

Opinion filed June 15, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-0931
Lower Tribunal No. 18-32866
_____

**Georges Levy, et al.,**
Appellants,

vs.

**FMF&J Investments, LLP, etc.,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Reemberto Diaz, Judge.

Colson Hicks Eidson, and Wm. Allen Bonner; Hopple Law Firm, LLLP, and Stephanie C. Hopple and Patrick R. Hopple, for appellants.

Brodsky Fotiu-Wojtowicz, PLLC, and Benjamin H. Brodsky, for appellee.

Before HENDON, MILLER and BOKOR, JJ.

BOKOR, J.

Georges and Valerie Levy appeal the entry of final judgment of foreclosure in favor of FMF&J Investments LLP.[1]  The Levys argue that the trial court abused its discretion by denying their "motion to supplement their answer to assert counterclaims and crossclaims and to bring a third-party complaint" as well as their "renewed motion for continuance of trial date." We agree that the trial court should have granted a continuance based on the unavailability of a key witness.[2]  Accordingly, we vacate the final judgment entered by the trial court and remand this matter for proceedings consistent with this opinion.

## BACKGROUND

The Levys were named as defendants in this mortgage foreclosure action because of a claimed interest in the subject property by virtue of a recorded judgment lien.[3]  The Levys filed their answer and affirmative

---

[1] We have jurisdiction.  Fla. R. App. P. 9.030(b)(1)(A).

[2] Because we determine that the trial court should have granted a continuance of the trial under the circumstances present here, we decline to address the propriety of the denial of the motion to amend.  The trial court relied, in part, on the looming trial date to determine that FMF&J would be prejudiced by a late amendment.  However, with the trial continued, we are confident that the trial court would address any renewed motion to amend under the current procedural posture.

[3] FMF&J filed its complaint to foreclose a mortgage against defendants, TRIUMPH 10801 N. Bayshore Dr., LLC as well as Ignacio and Yaira Hernandez.  Neither TRIUMPH nor the Hernandezes are parties in this appeal.

defenses and, throughout the litigation below, proceeded on the theory that FMF&J's interest in the property, mortgage, and promissory note were fraudulent based on an alleged elaborate scheme between FMF&J,[4] TRIUMPH, and the Hernandezes.

Counsel for the Levys filed its appearance on October 1, 2019. Two weeks later, the trial court entered an order setting the matter for trial during the trial period commencing January 13, 2020. Subsequent discovery produced two crucial witnesses for the Levys: Robin Crawley, former girlfriend and business partner of Ignacio Hernandez and Debbie Campbell, Esq., FMF&J's counsel. Securing Campbell's attendance at deposition, and both witnesses' attendance at trial, created the issues that served as the basis for the subject motions and, ultimately, this appeal.

On December 3, 2019, the Levys filed their initial "motion for continuance of trial date" citing their difficulties with setting Campbell's deposition as the basis for their motion. On December 17, 2019, the trial court entered an order deferring ruling on their motion until calendar call which ultimately took place on January 9, 2020. On that day, the trial court granted the Levys' motion resetting the trial for the period commencing

_____

[4] FMF&J is a company owned and controlled by Francisco and Mari Urteaga through their company, JFM&F Management, LLC, a Florida limited company.

March 2, 2020. On February 26, 2020, at the next calendar call, the Levys made an *ore tenus* motion seeking another continuance of the trial date. That same day, the Levys filed the subject motion for leave to amend to assert counterclaims and crossclaims and to bring a third-party complaint. The *ore tenus* motion was reduced to writing, filed on February 28, 2020, and further detailed the Levys' alleged difficulties in procuring Campbell's deposition. On March 2, 2020, after hearing the Levys' motion to amend as well as their motion for continuance, the trial court denied both motions in an unelaborated order. The matter proceeded to trial that same day and, based on its determination that the note and mortgage were the proper subject of a foreclosure action, the trial court foreclosed on the note and entered final judgment in favor of FMF&J. Unsuccessful at rehearing, the Levys filed this appeal.

**ANALYSIS**

On appeal, the Levys challenge the trial court's rulings as to both their motion for continuance of trial and their motion for leave to amend. As to the Levys' motion for continuance, we find that the trial court abused its discretion by failing to grant the requested continuance. We recognize that, "[o]rdinarily, the denial of a motion for continuance is within the sound discretion of the trial court." Silverman v. Millner, 514 So. 2d 77, 78 (Fla. 3d

4

DCA 1987). "Special circumstances sometimes exist, however, in which the denial of a motion for continuance creates an injustice for the movant. . . . [I]n particular, in cases where the opposing party would suffer no injury or great inconvenience as a result of a continuance." Id.

We review the trial court's denial of the Levys' motion for continuance against the backdrop of Daher v. Pacha NYC, 194 So. 3d 456, 459 (Fla. 3d DCA 2016):

> [A]ppellate courts have considered several factors when reviewing the denial of a motion for continuance. These factors include, but are not necessarily limited to, the following: whether the denial of the motion results in the movant suffering an injustice; whether the underlying cause for the motion was unforeseen; whether the motion is based on dilatory tactics; and whether, assuming the motion was granted, the opposing party would be prejudiced.

The Levys' motion for continuance alleged significant difficulties in procuring Campbell's deposition. Specifically, they asserted that: Campbell initially claimed to be unavailable throughout the month of December through to January 15, 2020; after serving Campbell with a subpoena *duces tecum* requiring her presence at deposition on December 18, 2019, Campbell filed a motion for protective order regarding the same; after allowing Campbell three more days to produce the requested documents, on the night prior to her deposition, Campbell produced thousands of pages of discovery but, at deposition, admitted she'd failed to produce any of the attachments to her

5

hundreds of emails; upon the advice of counsel, Campbell unilaterally terminated her deposition after four hours and refused to negotiate a continuance; Campbell continued to refuse to schedule the continuation of her deposition until the trial court heard her motion for "production costs"; and when Campbell finally sat for the continuation of her deposition on February 19, 2020, she again failed to produce the attachments to the hundreds of emails she initially produced. The Levys' *ore tenus* motion for continuance of the trial date was made a mere week after Campbell, once again, failed to produce the requested documents. Ultimately, the Levys were once again stymied four days later when, on the day of trial, Campbell filed a notice of unavailability citing a death in her immediate family. Thus, the motion for continuance was caused by Campbell's dilatory tactics rather than any delay occasioned by the Levys.

The unavailability of a witness does not in and of itself render a denial of a motion to continue an abuse of discretion. However, Campbell's absence at trial created an injustice for the Levys, whose case relied in substantive part on her testimony. Significantly, the Levys maintain that when they attempted to depose Francisco Urteaga, plaintiff below, he repeatedly averred it was Campbell who knew the material facts about the areas of inquiry. The Levys' efforts in procuring Campbell's testimony

6

regarding those material facts were thwarted by Campbell's dilatory tactics followed by her notice of unavailability filed on the day of trial. Under these circumstances, the trial court should have granted the Levys' continuance. See id. at 459 (explaining that courts have reversed the denial of a continuance based on an important witness's inability to attend trial); see also Fisher v. Perez, 947 So. 2d 648, 653 (Fla. 3d DCA 2007) ("Denials of motions for continuances in the face of a sudden unexpected medical emergency of either counsel, a party, or witness have resulted in reversals on appeal in this and other courts."); Yaris v. Hartley, 128 So. 3d 825, 829 (Fla. 4th DCA 2013) (finding that the trial court erred in denying former husband's motion for continuance where former husband informed the court that his sister-in-law was close to death as the basis of his motion).

Furthermore, FMF&J presents no argument to show that it would be prejudiced by a continuance.[5] See Lopez v. Lopez, 689 So. 2d 1218, 1219

---

[5] FMF&J presents no facts to show prejudice from a delay. Instead, it relies on a legal argument underpinned by an overbroad reading of HSBC Bank USA, N.A. v. Serban, 148 So. 3d 1287, 1292 (Fla. 1st DCA 2014) (finding no abuse of discretion in denying HSBC Bank's motion for continuance where the homeowner was prejudiced by "the persistent lack of resolution of the allegations against his property interests"). Specifically, FMF&J argues that a delay would prevent it from establishing its rights to the property and therefore it would be prejudiced by a delay. Serban doesn't stand for this proposition. Serban languished on the trial docket for five years having been initiated in 2008 and not set for trial until 2013. Id. at 1289. Further, the continuance in Serban had no relation to any medical emergency or

(Fla. 5th DCA 1997) ("If evidence exists that some severe harm or prejudice to the other party will occur by granting the motion, it is appropriate to deny it. But in this case, there was no showing that [the opposing party] would have been harmed by a brief delay." (citations omitted)).

## CONCLUSION

Because we determine that the Levys' motion was not based on their own lack of due diligence, but rather on Campbell's dilatory tactics as well as the unforeseen circumstances surrounding the death in her immediate family, and because she was a material witness, we find that the trial court should have granted the Levys' request for a continuance. Therefore, we vacate the final judgment of foreclosure and remand for proceedings consistent with this opinion.

Reversed and remanded.

---

unforeseen event since plaintiff's counsel knew a week or more in advance that his client would not be supplying a witness for trial. Id. at 1292. Here, the original complaint was filed in 2018 and the matter set for trial in the beginning of 2020. Most importantly, Campbell's unavailability at trial was the result of a death in her immediate family. There was no way the Levys could have known about these circumstances revealed to them on the day of trial.