# Third District Court of Appeal

## State of Florida

Opinion filed March 15, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-2312
Lower Tribunal No. 19-20010 CC
_____

**Full Pro Restoration, a/a/o Placido Fernandez,**
Appellant,

vs.

**Citizens Property Insurance Corporation,**
Appellee.

An Appeal from the County Court for Miami-Dade County, Michael G. Barket, Judge.

Louis Law Group, PLLC, and Pierre A. Louis and Alibia N. White, for appellant.

Lewis Brisbois Bisgaard & Smith LLP, and Kathryn L. Ender and Michael J. Ellis, for appellee.

Before FERNANDEZ, C.J., and HENDON and GORDO, JJ.

HENDON, J.

Full Pro Restoration, a/a/o Placido Fernandez ("Full Pro"), appeals from a final summary judgment in favor of Citizens Property Insurance Corporation ("Citizens"). We affirm.

Hurricane Irma hit south Florida in September 2017. Nineteen months later, on April 16, 2019, Placido Fernandez ("Insured") filed a claim of loss under his Citizens homeowner's insurance policy for water intrusion damage to his property that he alleged occurred as a result of Hurricane Irma. The Insured also executed a post-loss assignment of benefits to Full Pro. Full Pro performed water damage mitigation repairs on the property. On April 30, 2019, Citizens' field inspector, Scott Campbell ("Campbell"), inspected the property and concluded that the damage was not incurred as a result of a covered loss, and that the water damage to the interior ceilings occurred as a result of wear and tear, and deterioration of the roof materials. Citizens also retained Ashraf Consulting Engineers ("ACE") to conduct a pre-suit, pre-denial reinspection of the property. In May 2019, ACE engineer Hasan Rizvi ("Rizvi") inspected the property and prepared a report regarding the damage to the roof and interior finishes, the cause and origin of the leak, and the extent and duration of the damage. Rizvi's relevant conclusion was that there was no damage to the roof as a result of the wind-related forces of Hurricane Irma. Citizens denied coverage.

Full Pro filed an amended complaint in June 2020, asserting breach of contract against Citizens for failing to pay the full amount of Full Pro's invoice for roof damage repairs. In June 2020, Citizens moved for summary judgment. Citizens argued that summary judgment was warranted on two grounds: (1) the roof did not suffer a covered peril-created opening through which water entered, and Full Pro presented no evidence to the contrary; and (2) Full Pro failed to meet its burden to establish an exception to the Policy's exclusion for wear, tear, and deterioration. In support of its motion, Citizens relied on the inspection by, and affidavit of, Citizens' field adjuster Campbell, and ACE engineer Rizvi's reinspection report and accompanying affidavit.

The summary judgment hearing was postponed several times by Full Pro. Between September 2020 and June 2021, the Insured was apparently uncooperative with Full Pro's attempts to schedule an inspection by its expert. Full Pro found it necessary to rely on the deposition taken by Citizens in May 2021 of its engineering expert, Rizvi.

The summary judgment hearing was re-set to September 27, 2021. Less than twenty days before the summary judgment hearing, on September 21, 2021, Full Pro filed the deposition transcript of Citizens'

3

expert, Rizvi, and filed its response to Citizens' motion for summary judgment four days before the hearing, on September 23, 2021.

At the September 27, 2021 summary judgment hearing, Citizens' counsel, Mr. Perez, began by stating that Citizens' expert, Rizvi, indicated in his deposition that there were two missing roof shingles along the roof edge, which the expert speculated could have been blown off by wind because the underlying materials and adhesives were deteriorated. Rizvi could not say the two missing shingles were "as a result of" Hurricane Irma specifically. Rizvi further stated that there was no corresponding interior water damage underneath the missing shingles. Further, Citizens argued that the Insured waited nineteen months to report the damage, during which time any other wind event could have loosened the two deteriorated shingles.

What ensued for the remainder of the hearing was a discussion of whether the new summary judgment rule 1.510(c)(5) applied,[1] and whether

---

[1] Rule 1.510(c)(5) provides,
> *Timing for Supporting Factual Positions.* At the time of filing a motion for summary judgment, the movant must also serve the movant's supporting factual position as provided in subdivision (1) above. <u>At least 20 days before the time fixed for the hearing, the nonmovant must serve a response that includes the nonmovant's supporting factual position</u> as provided in subdivision (1) above.

(underlining added).

4

pursuant to that rule, the court could consider Full Pro's late filing of Rizvi's deposition transcript less than twenty days prior to the hearing. Full Pro's counsel, Ms. Henry, who asserted that she recently inherited the case, admitted that the transcript filing was not in compliance with rule 1.510. Ms. Henry argued, however, that the trial court should accept its late-filed deposition testimony of Citizens' expert Rizvi, and contended that the trial court should grant its emergency motion for a continuance pursuant to rule 1.510(c)(5)(d)[2] to enable it to obtain affidavits or further discovery. When asked by the trial court what material evidence Full Pro would seek if a continuance were granted, Ms. Henry answered that they wanted to show there was a covered loss. Ms. Henry also asked the trial court to consider granting Full Pro some latitude pursuant to rule 1.510(c)(5)(e)[3], because of

---

[2] Rule 1.510(c)(5)(d) provides,
    **(d) When Facts Are Unavailable to the Nonmovant.** If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court <u>may</u>:
        (1) defer considering the motion or deny it;
        (2) allow time to obtain affidavits or declarations or to take discovery; or
        (3) issue any other appropriate order.
(underlining added).

[3] Rule 1.510(c)(5)(e) provides,
    (e) **Failing to Properly Support or Address a Fact**. If a party fails to properly support an assertion of fact or fails to properly

5

the Insured failing to cooperate with counsel's scheduling to allow another inspection.

Citizens' counsel argued in rebuttal that the late-filed Rizvi deposition did not contain any new evidence that was not already available in the record, and that despite the speculative two-shingle issue, the existing evidence presented by engineer Rizvi's and field inspector Campbell's reports showed that there was no peril-created opening in the roof caused by Hurricane Irma. Further, counsel argued that under the rule, there was no allowance for additional evidence to be proffered once the hearing had begun. The trial court denied Full Pro's motion for continuance and granted summary judgment for Citizens, concluding that rule 1.510 did not give the court discretion to consider the late-filed deposition or allow the court to grant Full Pro additional time to continue discovery once the summary judgment hearing was underway.  Full Pro appeals.

---

address another party's assertion of fact as required by rule 1.510(c), the court <u>may</u>:
    (1) give an opportunity to properly support or address the fact;
    (2) consider the fact undisputed for purposes of the motion;
    (3) grant summary judgment if the motion and supporting materials--including the facts considered undisputed--show that the movant is entitled to it; or
    (4) issue any other appropriate order.
(underlining added).

Our standard of review of an order entering final summary judgment is reviewed de novo. Volusia Cnty. v. Aberdeen at Ormond Beach, L.P., 760 So. 2d 126, 130 (Fla. 2000). The trial court decided this case under Florida's "new" summary judgment standard, where summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fla. R. Civ. P. 1.510(a). Therefore, "the correct test for the existence of a genuine factual dispute is whether 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" In re Amends. to Fla. Rule of Civ. Proc. 1.510, 317 So. 3d 72, 75 (Fla. 2021) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, (1986)). Put simply, "[i]f the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249–50 (citations omitted). Navarro v. Citizens Prop. Ins. Corp., 353 So. 3d 1276 (Fla. 3d DCA 2023).

Further, "the granting or denying of a motion for continuance is within the discretion of the trial judge and a gross or flagrant abuse of this discretion must be demonstrated by the complaining party before this court will substitute its judgment for that of the trial judge." Tr. Real Est. Ventures, LLC v. Desnick, 278 So. 3d 242 (Fla. 3d DCA 2019) (citing Stern

7

v. Four Freedoms Nat'l Med. Servs., Co., 417 So. 2d 1085, 1086 (Fla. 3d DCA 1982)).

Florida Rule of Civil Procedure 1.510(c)(5) states that the nonmovant's response to the motion for summary judgment, and its supporting facts, must be served at least twenty days before the time fixed for the hearing. The trial court correctly noted that the language of this section of the rule is mandatory. The record shows that Citizens and Full Pro took engineer Rizvi's deposition in May 2021, but waited until six days prior to the September 2021 hearing to file the deposition, and filed its response to Citizens' June 9, 2020 motion for summary judgment four days prior to the hearing. Although Full Pro's current counsel personally demonstrated due diligence in seeking a continuance for her client, the record does not otherwise explain why Full Pro was unable to timely submit Rizvi's deposition prior to the scheduled summary judgment hearing, which had been pending since June 2020. Under these circumstances, we conclude that the trial court did not abuse its discretion by denying Full Pro's proffer of the late-filed discovery. Desnick, 278 So. 3d at 243.

Full Pro next argues that the trial court abused its discretion by denying its oral motion for a continuance to allow it to obtain further discovery pursuant to Florida Rule of Civil Procedure 1.510(c)(5)(d). That

8

rule provides that "if a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court <u>may</u> defer considering the motion or deny it; allow time to obtain affidavits or declarations or to take discovery; or issue any other appropriate order." (emphasis added). Full Pro cites to <u>Rice v. NITV, LLC</u>, 19 So. 3d 1095, 1099 (Fla. 2d DCA 2009), to argue that the trial court's denial of its motion for continuance was an abuse of discretion. In that case, the plaintiff was prejudiced at the summary judgment hearing by failing, through no fault of his own, to obtain replacement counsel, with relevant discovery outstanding, and no opportunity to rebut summary judgment. The Second District considered, "1) whether the movant suffers injustice from the denial of the motion; 2) whether the underlying cause for the motion was unforeseen by the movant and whether the motion is based on dilatory tactics; and 3) whether prejudice and injustice will befall the opposing party if the motion is granted." (citations omitted). The Second District concluded that without counsel, the plaintiff was unable to make his case, his motion was not filed to delay, and the opposing party would not be prejudiced by a continuance. Based on these conclusions, the Second District concluded that the trial court abused its discretion in denying the plaintiff's motion for a continuance and, therefore, reversed.

9

By contrast, in this case it is not clear how a continuance would result in additional evidence that would create a genuine issue of material fact sufficient to preclude summary judgment. Rivzi's deposition statement regarding the cause of the two missing edge shingles was speculation based on the ACE reinspection report in the record, not a "fact unavailable to the nonmovant." <u>See</u> Fla. R. Civ. P. 1.510(c)(5)(d). Rizvi stated, based on his professional experience, that the roof materials had so deteriorated as to cause the two shingles in question to delaminate from the underlayment, such that any wind could remove them. It is speculation whether that wind was Hurricane Irma or some subsequent wind in the nineteen months between Irma and when the Insured filed the claim. Further, and more important, Rizvi stated that the interior water damage was not structurally related to the missing shingles.

"A trial court has the discretion to deny a continuance of a summary judgment hearing where the outstanding discovery items are immaterial to the dispositive issues in the case." <u>Crespo v. Fla. Entm't Direct Support Org., Inc.</u>, 674 So. 2d 154, 155 (Fla. 3d DCA 1996) (citations omitted). In this case, "the evidence is merely colorable, or is not significantly probative" and a continuance to obtain further discovery would not lead to any new evidence that would create a genuine issue of material fact

10

precluding summary judgment.[4]  We conclude that the trial court did not abuse its discretion by denying Full Pro's rule 1.510(c)(5)(d) motion for continuance.  See Navarro, 353 So. 3d at 1276 (citing Anderson, 477 U.S. at 249–50).

Finally, we find that the trial court did not abuse its discretion by denying Full Pro's motion for a continuance pursuant to Florida Rule of Civil Procedure 1.510(c)(5)(e). Rule 1.510(c)(5)(e) provides if a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by rule 1.510(c), the court may give that party an opportunity to properly support or address the fact.  It appears from the record that Full Pro "had an adequate opportunity to engage in discovery and . . . any further discovery was not likely to present any material facts relevant to the trial court's disposition of the issues." Barco Holdings, 967 So. 2d at 289; see Canakaris v. Canakaris, 382 So. 2d 1197, 1203 (Fla. 1980) (concluding "appellants have failed to demonstrate that

---

[4] Interestingly, Full Pro's counsel made the same point:

> MS. HENRY: Yes, Your Honor, but the rules do allow, Your Honor, discretion if, you know, if Your Honor sees it appropriate to allow the  admission of evidence that may have been filed late. I want to say, Your Honor, that Mr. Perez was present at the [Rizvi] deposition. We didn't file anything new. It  was all things that both parties were aware of or at least on notice of. So, I don't believe it prejudices the defense.

(Emphasis added).

11

the denial of the continuance was "arbitrary, fanciful, or unreasonable . . . [or that] no reasonable man [or woman] would take the view adopted by the trial court"). Accordingly, we affirm the trial court's final summary judgment in favor of Citizens Property Insurance Corporation.

Affirmed.